№ 16-3932

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
————————

EUGENE KLINE; JON SHAYNE JONES; DIANA L. HUGHES; GEORGE ROSS;
CAROL ROSS, on behalf of themselves and all others similarly situated,
*Plaintiffs-Appellants,*
vs.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WELLS FARGO;
HOMEQ SERVICING CORPORATION; LERNER, SAMPSON & ROTHFUSS;
BARCLAYS CAPITAL REAL ESTATE, INCORPORATED; REIMER, ARNOVITZ,
CHERNEK & JEFFREY CO., fka Reimer, Lorber & Arnovitz Company, LPA,
*Defendants-Appellees,*
and

HEARTLAND HOME FINANCE, INC.; WMC MORTGAGE CORPORATION;
AMERIQUEST MORTGAGE COMPANY; CHASE HOME FINANCE, LLC;
FLAGSTAR BANK, FSB; COUNTRYWIDE HOME LOANS, INC.,
*Defendants.*

On Appeal from the United States District Court
For the Southern District of Ohio at Dayton Case No. 3:08-cv-00408

PRINCIPAL BRIEF OF APPELLEE, REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A. (f.k.a. REIMER, LORBER &
ARNOVITZ CO., L.P.A.)

Paul Stuart Grobman (*Pro Hac Vice*)
555 Fifth Avenue, 17th Floor
New York, NY    10017
Tel: (212) 983-5880
Fax: (212) 682-7060
Email: grobtown@aol.com
*Counsel for Plaintiff-Appellant*
*Eugene Kline*

Lori E. Brown (0071480)
Richard C.O. Rezie (0071321)
GALLAGHER SHARP LLP
Bulkley Building, Sixth Floor
1501 Euclid Avenue
Cleveland, OH   44115-2108
Tel: (216) 241-5310
Fax: (216) 241-1608
Email: lbrown@gallaghersharp.com
rrezie@gallaghersharp.com
*Counsel for Defendant-Appellee*
*Reimer, Arnovitz, Chernek & Jeffrey*
*Co., L.P.A. (f.k.a. Reimer, Lorber &*
*Arnovitz Co., L.P.A.)*

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Reimer, Arnovitz, Chernek & Jeffrey Co.,

L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.), as of March 1, 2017 known

as the Reimer Law Co. makes the following disclosure:

1.    Are said parties a subsidiary or affiliate of a publicly-owned corporation? If
the answer is YES, list below the identity of the parent corporation or affiliate and
the relationship between it and the named party:

**No.**

2.    Is there a publicly-owned corporation, not a party to the appeal, that has
financial interest in the outcome? If the answer is YES, list the identity of such
corporation and the nature of the financial interest.

**No.**


 s/Lori E. Brown                                    Date: March 10, 2017
Lori E. Brown (0071480)
Richard C.O. Rezie (0071321)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................iv-x

I.   STATEMENT OF JURISDICTION ..................................................1

II.  STATEMENT OF ISSUES PRESENTED FOR REVIEW...........................3

III. STATEMENT OF THE CASE AND FACTS ................................................4

    A.  Introduction................................................................................4

    B.  The Underlying Litigation ..........................................................6

        1.   Mr. Kline's Mortgage Obligation ...................................6

        2.   Mr. Kline's Second Foreclosure Action which is the subject of this matter ..........................................................7

    C.  Kline Files This Lawsuit; Discovery Proceeds and Kline Fails to Respond to the Request for Admissions ................................10

    D.  After Six Years, Kline Seeks to Amend the Complaint ........................12

    E.  Kline Fails to File Responses to Defendants' Summary Judgment Motions or a Class Certification Brief......................................12

    F.  The District Court Dismissed Kline's Claims in their Entirety.............17

IV.  SUMMARY OF ARGUMENTS ......................................................19

V.   ARGUMENTS ........................................................................21

    A.  The District Court Properly Granted Summary Judgment on the FDCPA and Unjust Enrichment Claims................................21

        1.   Standard of Review under Fed. R. Civ. P. 56(c)...........................21

        2.   Kline's claims against the Reimer Firm.......................................21

        3.   The District Court properly found that the Reimer Firm did not seek post-acceleration late fees and thus, did not violate the FDCPA ................................................................23

            a. The Reimer Firm's Payoff Quote did not contain post-acceleration late fees ................................................23

            b. Kline presents no evidence that the Reimer Firm sought to collect or collected post-acceleration late fees ....................26

4.    The District Court properly found that Kline's unjust enrichment and FDCPA claims fail because the Reimer Firm did not collect or seek to collect attorneys' fees on behalf of its client................................................................29

    a. The Amended Complaint contains no factual allegations against the Reimer Firm regarding the collection of attorneys' fees ...........................................................30

    b. The undisputed evidence is that the Reimer Firm's Payoff Quote did not contain attorneys' fees, nor did it collect or attempt to collect attorneys' fees ............................30

    c. Kline presents no affirmative evidence that the Reimer Firm sought or collected attorneys' fees....................................31

    d. Kline failed to prove an FDCPA violation ...............................34

    e. Kline failed to prove an unjust enrichment claim....................35

5.    The District Court properly found that the claims arising from the 2005 State Foreclosure Action and the subject of the *Kline I* Federal Lawsuit were not at issue in this case ...........40

    a. The Amended Complaint does not contain any allegations arising out of the 2005 Foreclosure Action ...........40

    b. Kline's FDCPA and state law claims arising out of the 2005 Foreclosure Action were previously dismissed and time barred ...............................................................41

    c. The Course of Proceedings Test did not provide notice..........43

    d. Kline presented no affirmative or admissible evidence as relates to the 2005 Foreclosure Action ......................................43

B.    The District Court Properly Found that there was no Evidence of Fraud or Misrepresentation in Denying Kline's 60(B) Motion .............44

1.    Standard of Review under Rule 60 (b) .........................................44

2.    Kline presented no evidence of purposeful bad actions.  The Reimer Firm's legal assertions are legally insufficient to warrant 60(b)(3) relief.................................................................46

3.    Rule 60(b)(3) Relief is not warranted for conduct known before entry of judgment..............................................................48

4.    60(b) relief cannot be used as a substitute for appeal .................50

C.  The District Court Properly Granted Defendants' Motion to Strike and Dismiss Class Claims....................................................51

   1.  Standard of Review for Dismissing or Striking Class claims.......51

   2.  Kline abandoned his class claims...................................52

   3.  Despite the District Court's clear orders and warnings with respect to deadlines, Kline failed to seek an extension of time…............................................................................54

   4.  Fed. R. Civ. P. 41 was not the sole basis for the District Court's order .......................................................................55

   5.  The District Court did not err by not ruling on class merits ........58

D.  The District Court Properly Denied Kline's Motion to Amend the Complaint........................................................................59

   1.  Standard of Review Under 15(a) ..................................60

   2.  Kline's substantial delay would have caused undue prejudice to the Defendants..........................................61

     a. Undue delay ...........................................................61
     b. Prejudice.................................................................63

   3.  The District Court properly found amendment was futile............64

     a. No new evidence warranted amendment ...................64
     b. Amendment is futile because the fraud and RICO claims would be time-barred. .............................................66

VI.  CONCLUSION.......................................................................66

VII.  CERTIFICATE OF COMPLIANCE WITH RULE 28.1(E) or 32(A) .......688

VIII.  CERTIFICATE OF SERVICE....................................................69

ADDENDUM .......................................................................69

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*A&B Steel Shearing & Processing, Inc. v. United States*, 174 F.R.D. 65, 68 (E.D. Mich. July 11, 1997) ........................................................46

*Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156, 97 L. Ed. 2d 121, 107 S. Ct. 2759 (1987) ...........................................66

*American R.R. Const., Inc. v. Columbiana County Port Auth.*, 7th Dist. No. 06 CO 14, 2007-Ohio-1568, 2007 Ohio App. LEXIS 1440, at *13 ..........................................................................................38

*Andseron v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986)....................23

*Ayer v. United States*, 902 F.2d 1038, 1045 (1st Cir. 1990)...................34

*Batista v. Stewart Enters.*, 126 Fed. Appx. 767, 770 (9th Cir. 2005).....................34

*Becherer v. Merril Lynch*, 193 F.3d 415, 430 (6th Cir.1999).................58

*Becker v. Montgomery*, 532 U.S. 757, 765 (2001) ...................................2

*Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994) ................52

*Bell v. City of Topeka,* 496 F.Supp.2d 1182 (D. Kan. 2007)...................44

*Bihn v. Fifth Third Mortgage Co.*, No. 3:13-CV-00057, 2013 U.S. Dist. LEXIS 148891(S.D. Ohio, Oct. 16, 2013) .................................36

*Bledsoe v. Community Health Syst. Inc.*, 501 F.3d 493 (6th Cir. 2007).................43

*Bonner v. Perry*, 564 F.3d 424, 429 (6th Cir. 2009)..................................2

*Bridgeport Music Inc. v. Dimension Films,* 410 F.3d 792, 805 (6th Cir. 2005)..........................................................................................61

*Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005)..........................................................................................60

*Burkhalter v. Montgomery Ward & Co.*, 676 F.2d 291, 294 (8th Cir. 1982)..................................................................................53

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).........................45

*Calvert v. Wilson*, 288 F.3d 823, 836-37 (6th Cir. 2002).......................................35

*Chrisman v. Countrywide Home Loans, Inc.*, No. 3:07-CV-333, 2010 U.S. Dist. LEXIS 29934, *3-7 (E.D. Tenn. Mar. 26, 2010)................................53

*Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) .............................................60

*Cox v. Ky. DOT*, 53 F.3d 146, 150 (6th Cir. 1995)..................................................22

*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)..............................................60

*Edwards v. Fiddes & Son,* 427 F.3d 129 (1st Cir. 2005).........................................47

*Estes v. Kentucky Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980) .........................60

*Flynn v. GMAC*, 345 Fed. Appx. 974, 979 (6th Cir. 2009) ....................................44

*Galati v. Manley Deas Kochalski, LLC*, 622 F. Appx. 473 (6th Cir. 2015)..................................................................................35

*Garcia v. Concentra Health Services, Inc.*, No. CV 14-6738 PA, 2015 U.S. Dist. LEXIS 7476, *4-5 (C.D. Cal. Jan. 22, 2015) ....................................53

*Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 U.S. App. LEXIS 27659, at *16-17 (6th Cir. Oct. 21, 1998) ...........................................................51

*Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) ....................63

*Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) ...................... 51-53

*Hall v. Bio-Med. App., Inc.*, 671 F.2d 300, 302-03 (8th Cir. 1982) .......................51

*Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 465 N.E.2d 1298, 1302 (1984)...........................................................................................36, 39

v

*Handler v. Sony Elecs., Inc.*, No. 09-55506, 2010 U.S. App. LEXIS 14440, *3-4 (9th Cir. June 23, 2010) ............................................................53, 57

*Hansard v. Barrett*, 980 F.2d 1059, 1061 (6th Cir. 1992).......................................21

*Howard v. Gutierrez,* 503 F.Supp.2d 392 (D.D.C. 2007)........................................53

*Hudson v. C.P. Rail Sys.*, 24 Fed. Appx. 610, 613 (7th Cir. 2001) ........................34

*In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) ................45

*In re: Pella Corp.*, MDL No. 2514, No. 2:14-mn-00001, 2015 U.S. Dist. LEXIS 88944, *12-15 (D. S.C. July 9, 2015) ............................................53

*Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008)......................................................................................................48

*Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989)........................................................................................................66

*Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 2005-Ohio-4985, 834 N.E.2d 791, 799 (2005) ................................................................36

*Jones v. City of Franklin*, No. 16-5558, 2017 U.S. App. LEXIS 1562, at *1 (6th Cir. Jan. 27, 2017) ........................................................22, 26

*Karak v. Bursaw Oil Corp.,* 288 F. 3d 15, 21-22 (1st Cir. 2002)............................48

*Kendrick v. Jefferson Cnty. Bd. of Educ.*, 932 F.2d 910, 914 (11th Cir. 1991) ........................................................................................................53

*Kovacic v. Tyco Valves & Controls, LP*, 433 Fed. App. 376, 380 (6th Cir. 2011)........................................................................................................51

*Kreipke v. Wayne State Univ.,* 807 F.3d 768, 781-82 (6th Cir. 2015)....................61

*Marks v. Newcourt Credit Group, Inc.,* 342 F.3d. 444, 462 (6th Cir. 2003)........................................................................................................22

*Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) ...............................................................................21

*Martinez v. McGraw*, 581 Fed. Appx. 512, 517-18 (6th Cir. 2014) ......................51

*Mayhew v. Gusto Records, Inc.*, 69 Fed. Appx. 681, 683 (6th Cir. 2003) ...............................................................................50

*Melton v. Blankenship*, No. 08-5346, 2009 U.S. App.LEXIS 686, at *2-3 (6th Cir. Jan. 13, 2009) ..............................................65

*Mendoza v. Champion Int.'l Corp.*, 340 F.3d 1200, 1216 (11th Cir. 2003) ...............................................................................58

*Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 251, n.8 (6th Cir. 2000) ...............................................................................43

*Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) ..........................56

*Northland Ins. Co. v. Stewart Title Guar., Co.,* 327 F.3d 448,452-53 (6th Cir. 2003) ...............................................................17, 62

*Parrish v. HBO & Company*, 85 F.Supp.2d 792, 795-796 (S.D. Ohio 1999) .............................................................................. 42-43

*Peterson v. Johnson,* 714 F.3d 905, 910 (6th Cir. 2013) ....................................23, 26

*Powell-Lee v. HCR Manor Care*, 231 F. Appx. 438, 444 (6th Cir. 2007) ...............................................................................60

*Price v. United Guar. Residential Ins. Co.*, No. 3:03-CV-2643-G, 2005 U.S. Dist. LEXIS 24762, *8-10 (N.D. Tex. Feb. 2, 2005) .........................53

*Priddy v. Edelman*, 883 F.2d 438, 477 (6th Cir. 1989) ..........................................61

*Rivera-Flores v. Bristol-Myers Squibb Caribbean*, 112 F.3d 9, 13 (1st Cir. 1997) .............................................................................34

*Rivers v. Barberton Bd. of Ed.*, 143 F.3d 1029, 1031 (6th Cir. 1998) ....................42

*Rizzo v. Pierce & Assocs.*, 351 F.3d 791 (7th Cir. 2003) ........................................24

*Rotella v. Wood*, 528 U.S. 549, 553-55, 145 L. Ed. 2d 1047, 120 S. Ct. 1075 (2000)..................................................................................66

*Salling v. Budget Rent-A-Car Sys., Inc.,* 672 F.3d 442, 444-45 (6th Cir. 2012)..................................................................................39

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) .......11, 17, 29, 38

*Sexton v. Uniroyal Chem. Co*., 62 Fed. App. 615, 617-18 (6th Cir. 2003)..................................................................................51

*Sigmon v. Appalachian Coal Props*, 400 Fed. Appx. 43, 50 (6th Cir. 2010) .......................................................................22, 26, 34

*Slorp v. LSR*, 587 Fed. Appx. 249, 251-252 (6th Cir. 2014) ...................................65

*Stavroff v. Meyo*, No. 95-4118, 1997 U.S. App. LEXIS 32774, at *8 (6th Cir. Nov. 12, 1997) ....................................................................61

*Terevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir. 2006)....................................58

*Thurmond v. Wayne County Sheriff Dep't*, 564 Fed. Appx. 823, 827 (6th Cir. 2014) ...................................................................... 47-48, 50

*Tiller v. Baghdady*, 294 F.3d 277, 282 (1st Cir. 2002)..........................................48

*Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co*., 479 F. Appx. 684, 692 (6th Cir. 2012) ..............................................................45, 48

*Troxel Mfg. Co. v. Schwinn Bicycle Co*., 489 F.2d 968 (6th Cir. 1973).................61

*Tucker v. Union of Needletrades, Indust. & Textile Emples.*, 407 F.3d 784, 788 (6th Cir. 2005) ...............................................................32, 40

*Tyler v. Anderson,* 749 F.3d 499, 509 (6th Cir. 2014)..................................... 44- 45

*United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ...................................62

*United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) ................................................................. 61, 63-64

*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ........................................62

*Wade v. Knoxville Utilities Bd*., 259 F.3d 452 (6th Cir. 2001) ...............................61

*Williams v. Detroit Bd. of Educ*., 306 F. Appx. 943, 949 (6th Cir. 2009) ..............................................................................................60

*Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) ..........................................45

*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-32 (1971) .............................................................................................60

*Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) ........................................60

**Statutes**

15 U.S.C. § 1601, *et. seq.* ...........................................................................................5

15 U.S.C. § 1692f(1) ............................................................ 5, 10, 11, 18, 21-23

15 U.S.C. § 1692e ..........................................................................5, 10, 21, 35

15 U.S.C. § 1692k(d). ...............................................................................................1

18 U.S.C. § 1962 .....................................................................................................59

28 U.S.C. § 1331 .......................................................................................................1

28 U.S.C. § 1332(d). .................................................................................................1

28 U.S.C. § 1367(a) ..................................................................................................1

28 U.S.C. § 1367(d) ................................................................................................42

O.R.C. § 1345.01, *et. seq.* ........................................................................................5

O.R.C. § 2305.09(C) ..............................................................................................66

## Rules

Fed. R. App. P. 3(c)(1)(B) ....................................................................2

Fed. R. App. P. 28(a)(8)...................................................17, 22, 62

Fed. R. Civ. P. 5(a)(1)(E).......................................................55

Fed. R. Civ. P. 5(d)(1).............................................................15

Fed. R. Civ. P. 6.............................................................. 15, 52

Fed. R. Civ. P. 15(a)...............................................................60

Fed. R. Civ. P. 36(a)(3)...........................................................11

Fed. R. Civ. P. 36(a)(3)(b) ......................................................29

Fed. R. Civ. P. 41...................................................................55

Fed. R. Civ. P. 56.......................................................15, 21, 44

Fed. R. Civ. P. 59(e)............................................................1, 11

Fed. R. Civ. P. 60(b) .............................................3, 18-19, 44-50

Loc. R. 5.2(a) ........................................................................15

Loc. R. 7.2(c) ........................................................................15

## Other Authorities

Black's Law Dictionary 685 (8th ed. 2004) ............................................48

## I.    STATEMENT OF JURISDICTION

The District Court had federal question jurisdiction over Kline's FDCPA claim against Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.) ("the Reimer Firm") pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  The District Court had supplemental jurisdiction over Kline's state law claims that were part of the same case or controversy under 28 U.S.C. § 1367(a).

The Reimer Firm disputes Kline's proposition that there was jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

On December 23, 2015, the District Court entered a final decision in the case. (Decision and Entry, R. 492, Page ID # 8859-8938).  On January 20, 2016, Kline filed a Motion for Reconsideration of Decision Granting Summary Judgment and Denying Motion to Amend.  (Motion for Reconsideration, R. 495, Page ID # 8947-8968).   On July 28, 2016, the district court entered a "Decision and Entry Overruling Plaintiff Eugene Kline's Motion for Reconsideration, treated as Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (R. 495) of the Court's Entry of Summary Judgment in Favor of Defendants (R. 492) and Overruling Plaintiff's Motion for Leave to File a Second Amended Complaint (R. 494); Plaintiff's Motion for Relief from Judgment Under Rule 60 is Overruled (R. 496)."  (Decision and Entry, R. 513, Page ID # 9366-9400).

On August 12, 2016, Kline filed a Notice of Appeal, which includes the following:

> Notice is hereby given that Plaintiffs in the above named case hereby appeal to the United States Court of Appeals for the Sixth Circuit from the Order dated July 18, 2016, denying Plaintiff's Motion for Reconsideration of the District Court's Orders (i) dated September 25, 2015 striking the class allegations from the Complaint; (ii) dated December 23, 2015, granting Defendants' motion for summary judgment; and (iii) dated December 23, 2015, denying plaintiff's motion to file an amended complaint.

(Notice of Appeal, R. 514, Page ID # 9401-9436). The Notice includes a copy of the July 18, 2016 Decision and Entry denying Kline's Motion for Reconsideration. *Id*. Pursuant to the Notice of Appeal, Kline has only appealed from the Decision and Entry denying his Motion for Reconsideration. *Id*.

Under Fed. R. App. P. 3(c)(1)(B) a notice of appeal must "designate the judgment, order, or part thereof being appealed…" The requirements of Appellate Rules 3 and 4 are "'jurisdictional in nature.'" *Becker v. Montgomery*, 532 U.S. 757, 765 (2001) (citation omitted). "'[A] court of appeals has jurisdiction only over the areas of a judgment specified in the notice of appeal as being appealed.'" *Bonner v. Perry*, 564 F.3d 424, 429 (6th Cir. 2009) (citation omitted). As a result, this Court's appellate jurisdiction is limited to review of the District Court's Decision and Entry denying Kline Motion for Reconsideration with respect to (i) striking and dismissing the class allegations from the Complaint; (ii) granting summary judgment to Defendants; and (iii) denying motion for leave to file an

2

amended complaint.    (See, Notice of Appeal, R. 514, Page ID # 9401-9436; Decision and Entry, R. 513, Page ID # 9366-9400).

Although Kline's limited appeal was timely and there was a final decision in the case, for the reasons set forth above, the Court's jurisdiction is limited to review only of the Decision and Entry Denying Motion for Reconsideration on the three issues identified in his Notice of Appeal.  Out of an abundance of caution, the Reimer Firm will respond to all of Kline's arguments on appeal as if jurisdiction fully existed while maintaining that, in fact, it does not.

## II.     STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.     Whether the District Court properly entered summary judgment in favor of the Reimer Firm where Kline failed to present any affirmative evidence that the Reimer Firm actually charged or collected post-acceleration late fees or attorneys' fees, failed to address how the Reimer Firm was unjustly enriched, and did not establish elements of either an unjust enrichment or an FDCPA claim.

2.     Whether the District Court properly found claims arising from a prior foreclosure action filed in 2005 (which were the subject of a prior federal lawsuit and dismissed) and which were not raised in Kline's pleadings, not at issue in this case or in motion practice.

3.     Whether the District Court properly denied Kline's Rule 60(b) motion where there was no evidence, or even allegation, that the Reimer Firm gave false answers

to discovery, or withheld documents in discovery, or of fraud or misrepresentation by the Reimer Firm, and where the motion presented nothing newly discovered, but rather, only improperly sought reconsideration of prior legal holdings.

4.     Whether the District Court properly struck and dismissed Kline's class claims where Kline failed to file a motion for class certification by the deadline set by the Court, despite repeated extensions of that deadline and being on notice that the failure to timely file would result in the class allegations being dismissed or stricken.

5.     Whether the District Court properly denied Kline's motion for leave to amend his Amended Complaint where it was untimely filed over seven years into the litigation and on the eve of the close of discovery, presented no newly discovered claims or evidence, would require extensive additional discovery to the Reimer Firm's prejudice, and was futile.

## III.    STATEMENT OF THE CASE AND FACTS

Appellee Reimer Firm presents its own Statement of the Case in addition to the statement of the case presented by Appellant to include factual information that was omitted and to correct any misrepresentations.  The Reimer Firm incorporates the statement of the case presented by the other Appellees.

### A.    *Introduction*

On November 10, 2008, Kline filed this putative class action against the Reimer Firm and a multitude of other Defendants, arising out of a state foreclosure action that was filed on March 16, 2007 in Montgomery County, Case No. 2007-cv-02252 ("2007 Foreclosure Action"), in which Kline was named as a defendant. With respect to the Reimer Firm, Kline alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1601, *et. seq.* ("FDCPA"), the Ohio Consumer Sales Practices Act, O.R.C. §1345.01, *et. seq.* ("OCSPA"), and breach of contract and unjust enrichment. (Complaint and Amended Complaint, R. 1, 157). The Reimer Firm represented Wells Fargo Bank, N.A., as Trustee in the 2007 Foreclosure Action. The crux of Kline's claims against the Reimer Firm is that it was unjustly enriched and violated §1692f(1) of the FDCPA by seeking improper costs and expenses in the 2007 Foreclosure Action. Kline also alleged that the Reimer Firm violated §1692e by misrepresenting Wells Fargo's standing in the 2007 Foreclosure Action (Complaint, R. 1, ¶ 36-40, Page ID# 9; Amended Complaint, R. 157, ¶¶ 34, 37, Page ID# 2067). Only the §1692f(1) and unjust enrichment claims arising out of the alleged improper late fees and attorneys' fees from  the 2007 Foreclosure Action are at issue. (2/26/13 Decision, R. 293, Page ID# 4332-33; 9/05/14 Decision, R. 366, Page ID# 5440; 3/27/15 Decision, R. 415, Page ID# 6294).

Contrary to Kline's misrepresentations, the claims here do not involve the first foreclosure action that was filed in 2005, captioned *Mortgage Electronic Registration Systems, Inc. v. Kline*, Montgomery County Court of Common Pleas, Case No. 2005-cv-6672, ("the 2005 Foreclosure Action"). As the District Court correctly determined, there are no allegations in either the Complaint or the Amended Complaint with respect to the 2005 Foreclosure Action. Kline fails to disclose that the 2005 Foreclosure Action was the subject of another federal lawsuit, filed in the Southern District of Ohio, captioned *Kline v. HomEq Servicing Corp., et al.*, Case No. 3:07-cv-084 (hereinafter "*Kline I*"), which was dismissed.

### B.    The Underlying Litigation

#### 1.    Mr. Kline's Mortgage Obligation

In early 2005, Kline admittedly fell behind on his mortgage payments. (Kline Tr., R. 414-2, Page ID# 5986-88, Amended Complaint, R. 157, ¶ 26, Page ID# 2066). As a result of Kline's default, foreclosure proceedings were commenced on August 29, 2005, in the 2005 Foreclosure Action. (*Id.* at ¶¶ 28-29). In March 2006, Kline was able to procure the funds necessary to reinstate the mortgage loan, and the foreclosure action was subsequently vacated and dismissed. (*Id.* at ¶ 30). Following the March 2006 reinstatement of the loans, in March 2007, Kline filed his first federal lawsuit, *Kline I*, against the Reimer Firm and HomEq,

relating to the 2005 Foreclosure Action.[1] (See, *Kline I* Complaint, attached to opposition to motion to amend, R. 400-1, Page ID# 5813-22). He asserted claims arising under the FDCPA and OCSPA and stated claims for unjust enrichment and breach of contract. He alleged the Reimer Firm and HomEq had illegally charged him for improper costs and expenses. The *Kline I* case was dismissed on January 28, 2008. The judge ruled the FDCPA claim was barred by the statute of limitations and the state law claims were dismissed without prejudice. (*Kline I*, Jan. 28, 2008 Entry and Order R. 33; November 25, 2008 Entry and Order on Reconsideration, R. 46). Kline never filed an appeal with respect to that lawsuit and failed to re-file the state law claims in state court.

### 2.     Mr. Kline's Second Foreclosure Action which is the subject of this matter

In January 2007, Kline's loan was again in default. (Kline Tr., R. 414-2, Page ID# 5987-90, Amended Complaint, R. 157, ¶ 31, Page ID# 2066). Mr. Kline testified that he was living out of state at the time and paying rent on another residence. (Kline Tr., R. 414-2, Page ID# 5987-90). On January 16, 2007, Kline was notified by a letter from HomEq that he was in default. (*Id.*) Kline, while represented by counsel, stopped making payments on his loan after filing the federal court action in *Kline I*. Therefore, on March 16, 2007, the Reimer Firm, on

---

[1] Mr. Kline was represented by the same counsel that is representing him in this action. (*Kline I* Complaint, R. 400-1).

7

behalf of Wells Fargo Bank, N.A., as Trustee, filed the 2007 Foreclosure Action. (Amended Complaint, R. 157, ¶32-33, Page ID# 2067-2068). Kline retained attorney Kenneth Wegner to represent him. Kline also had a second mortgage on the property. The record title holder of the second mortgage was MERS, as nominee for WMC Mortgage, and was named as a defendant, along with other junior lienholders. (*Id.*). Lerner, Sampson & Rothfuss ("LSR") represented the second lienholder.

While the *Kline I* federal action was pending, on August 17, 2007, in response to a request from attorney Wegner, the Reimer Firm sent Wegner a payoff and reinstatement quote for the Kline mortgage. (August 17, 2007 Payoff Ltr., R. 414-9, Page ID# 6067-6077). It did not include attorney fees or post-acceleration late fees. (*Id.*) Kline did not attempt to refinance, cure, or reinstate the loan. (Kline Tr., R. 414-2, Page ID# 5992-95, Amended Complaint, R. 157, ¶43, Page ID# 2068).

By the late fall, 2007, Kline accepted a job offer in Texas. While the *Kline I* federal court action and 2007 Foreclosure Action were pending, Kline voluntarily made a determination to sell his house and to pay off the first and second mortgages from the proceeds. (Kline Tr., R. 414-2, Page ID# 5989-92, 5996-97). On November 15, 2007, in response to attorney Wegner's request, the Reimer Firm sent a payoff letter for the first lien, restating the charges that were contained in the

8

August 17, 2007 payoff quote, and calculated interest as of the December 9, 2007

closing date:

| | |
|---|---|
| PRINCIPAL BALANCE | $155,515.98 |
| INTEREST | $14,821.28 |
| LATE CHARGES | $178.90 |
| ESCROW ADVANCE | $3,406.12 |
| ESTIMATED COURT COSTS | $2,410.00 |
| TOTAL | $176,332.28 |

(Nov. 15, 2007 Payoff Ltr., R. 414-11, Page ID# 6141-42).   The cover letter

specifically states that "This does not include any attorney fees." (*Id*.)  The payoff

quote makes it clear that any court costs reimbursed by the court would be

refunded to Kline.  (*Id*.)  In late November 2007, the debt on both the first and

second liens was satisfied from the proceeds of the sale.  (Kline Tr., R. 414-2, Page

ID# 5991-92; Amended Complaint, R. 157, ¶ 43, Page ID# 2068).

After the settlement (and after the court in *Kline I* entered an order

dismissing the FDCPA claims against the Reimer Firm arising out of the 2005

Foreclosure Action), attorney Wegner requested an itemized list of interest and

expenses for the first loan.  On February 7, 2008, the Reimer Firm responded to the

request and sent a letter addressing the requested breakdown.  (Feb. 7, 2008 Corr.,

R. 414-12, Page ID# 6143-6148).  On March 17, 2008, the Reimer Firm sent Kline

9

a check in the amount of $273.00 as a refund.  (R. 35-16, Page ID# 477).  Kline has not disputed the receipt of these funds.

### C.    *Kline Files This Lawsuit; Discovery Proceeds and Kline Fails to Respond to the Request for Admissions*

On November 10, 2008, Kline filed a complaint in this Action.  On March 22, 2010, the District Court granted the Reimer Firm's Motion to Dismiss the FDCPA and breach of contract claims, and declined to exercise supplemental jurisdiction over the OCSPA and unjust enrichment claims, and dismissed them without prejudice.  (Decision, R. 150).  On April 14, 2010, Kline filed his First Amended Complaint, asserting the same causes of action in the first complaint. (First Amended Complaint, R. 157).  All of the allegations in both complaints center only on the 2007 Foreclosure.  There are no allegations with respect the 2005 Foreclosure.

Kline filed several motions for reconsideration, and on April 19, 2012, the District Court reinstated the FDCPA claim related to the alleged improper costs under §1692f(1), against the Reimer Firm.  (Decision, R. 271).  On May 29, 2012, the Reimer Firm filed a Motion to Dismiss the Amended Complaint.  (R. 274).  On February 26, 2013, the District Court entered an order denying Kline's request to reinstate his §1692e misrepresentation claim, but reinstated the state law OCSPA and unjust enrichment claims.  (R. 293, Page ID# 4332-33).  After considerable briefing which is not relevant here, on September 5, 2014, the District Court

entered an Order that the only claims that remained against the Reimer Firm arose out of the costs and expenses sought or collected in the 2007 Foreclosure Action and are:  "1) a claim under the Fair Debt Collections Practices Act, 15 U.S.C. §1692f(1), and 2) a claim under the common law of Ohio for unjust enrichment." (R. 366, Page ID# 5440).

The Reimer Firm continued with discovery with respect to the remaining claims.  The Reimer Firm timely propounded and responded to discovery.  There are no claims or allegations here or below regarding any discovery delay on the part of the Reimer Firm.

On October 1, 2014, the Reimer Firm served its First Request for Admissions on Kline and Kline did not respond until February 13, 2015, after the Requests were deemed admitted. Fed. R. Civ. P. 36(a)(3).  (Brown Aff.; RQA, R. 414-17, Page ID# 6266-86).  As noted by the District Court, Kline did not address this failure until he filed his reply in support of motion for reconsideration of the District Court's entry of summary judgment in favor of all Defendants, (more than two months after judgment was entered against him) and again on appeal.  (7/18/16 Decision, R. 513, Page ID# 9374; App. Brief, 39-42).  Thus, this issue was not properly raised below under Civil Rule 59(e) and not preserved for appellate review here.  See, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008)

("an argument not raised before the district court is waived on appeal to this Court.").

### D.     After Six Years, Kline Seeks to Amend the Complaint

On February 3, 2015, over six years after the case was filed, three weeks before the close of discovery, and on the eve of the parties' depositions, Kline filed a Motion to File a Second Proposed Amended Complaint to add fraud and RICO claims arising out of claims that had already been dismissed in this action, in particular with respect to the issue of standing. (R. 392, 393). He also sought to renew the 2007 Federal Court Action (that arose out of a 2005 State Foreclosure Action), which was previously dismissed. The motion was based on information that was known to Kline when he first filed suit in 2008 and when he amended his complaint in 2010.

On March 27, 2015, the District Court overruled Kline's Motion to Amend without Prejudice. (Decision, R. 415). The District Court noted that Kline "had a major hurdle to overcome" if he sought to renew the motion to amend by "the fact that, by his own admission, he believed he could state a RICO claim against Defendants by mid-March 2014, yet waited nearly a year to move the court for permission to amend." (*Id.* at Page ID# 6301-02).

### E.     Kline Fails to File Responses to Defendants' Summary Judgment Motions or a Class Certification Brief

On October 27, 2014, the District Court held a status conference and agreed to set a new scheduling Order, including a trial date of October 13, 2015, deadline for dispositive motions and class certification briefing.  The new scheduling order was entered on February 5, 2015.  It allowed Kline until April 30, 2015 to file a motion for class certification.  (Order, R. 395, Page ID# 5744).  That deadline was extended until May 30, 2015, and ultimately June 9, 2015.  (Order, R. 421, 463, Page ID# 7892-93).  In a subsequent March 27, 2015 order granting Kline's request for extension of the expert deadline, the District Court warned:

> At this stage of the litigation, Kline is the only remaining Plaintiff.  His motion for class certification *must be filed* by April 30, 2015.
>
> ***
>
> The filing of briefs on class certification is *imminent*.  Kline must file a Motion for Class Certification by April 30, 2015.  See, Scheduling Order, Doc. #395 at 3.  In the absence of extraordinary circumstances, *no extension* of this deadline or of the deadlines for Response or Reply Memoranda will be considered.
>
> ***
>
> The parties are again reminded that *all deadlines pertaining to class certification,* as set forth in the Amended Scheduling Order filed on February 5, 2015, *are in force*.  In the absence of extraordinary circumstances, requests for extension of all deadlines therein *will not* be granted.

(Order, R. 415, Page ID# 6301, 6304) (emphasis added).

13

In compliance with the new scheduling order, on March 27, 2015, the Reimer Firm filed its motion for summary judgment seeking dismissal of Kline's 1692f(1) and unjust enrichment claims. (R. 414).

On March 31, 2015, the parties requested a stay of the proceedings while they attempted to mediate. (R. 420). The District Court granted the request to stay, but if the case did not resolve at mediation, the "30 day stay will expire on Sunday, April 26, 2015 and the 21-day period for filing Response Memoranda [to the motions for summary judgment] will commence the next day, Monday, April 27, 2015." (Entry, R. 421, Page ID# 6786-6787). The matter was not resolved, and thus the new deadline for filing class certification motions was May 30, 2015, or the latest June 9, 2015 (based on the actual mediation date).

In March 2015, Barclays and Wells Fargo produced additional documents to Kline, including a newly discovered second escrow activity sheet. (App. Brief at 12). The new escrow activity sheet was a spreadsheet developed from the payment history kept by HomEq and is a report pulled from a HomEq database. This escrow sheet simply showed only the internal reallocation of a portion of the payoff proceeds, which took place after the December 3, 2007 payoff. It is undisputed that the Reimer Firm had no access to the database or report and had no involvement in the production. (Cartmill Tr., R. 474-1, Page ID# 8264-8271). Because of the late production, MERS, Wells Fargo, and Barclays produced their

14

corporate representatives for additional depositions in June, 2015. Kline repeatedly blames and lumps all Defendants together with respect to this purported late disclosure.

Upon conclusion of those depositions, no opposition to summary judgment was submitted, nor did Kline file his class certification brief. The Reimer Firm never agreed to an extension of the class certification briefing deadline. Instead, on May 7, 2015, Kline filed a letter with the District Court to address the "Corporate Defendants" additional production. (R. 426, Page ID# 6795-6796). On May 21, 2015, the Reimer Firm and LSR submitted proposed orders to the District Court granting their summary judgments, as Kline failed to respond. On May 29, 2015, Kline filed an opposition to those submissions. (R. 427). Both the Reimer Firm and LSR filed a motion to strike both the letter and the opposition. (Motions to Strike, R. 428, 429). The letter violated prior District Court orders to not submit letter requests and Loc. R. 7.2(c). Both the letter and the opposition lacked a certificate of service in violation of Rule 5(d)(1) and Loc. R. 5.2(a). (*Id.*) They were also outside the time for responding to the motions for summary judgment and Kline did not move the District Court for leave to file a response under Fed. R. Civ. P. 6(b)(1)(B). Finally, the documents did not meet the requirements of Rule 56(d).

Despite the District Court's imminent class certification deadline, prior notifications that any request for a court order must be made by motion and not letter, and local rules requiring any request to be made by motion and not letters, Kline never filed a motion for extension of the class certification deadline. Indeed, he submitted two letters simply asking for a status conference.

As a result, on August 3, 2015, Defendants filed a Joint Motion to Strike and Dismiss Class Allegations for Kline's failure to file a motion for class certification. (R. 444). Kline filed an opposition on August 14, 2015, but did not substantively address his failure to file a class brief. (R. 445, 446). Instead, he complained about perceived discovery issues against the "Corporate Defendants," but not the Reimer Firm, justifying an extension of time. He never claimed any late production from the Reimer Firm prevented him from filing the class certification brief. (*Id*. at Page ID# 7310, 7313, 7315).

On September 25, 2015, the District Court entered its Decision and Entry, vacating the trial date and allowing Kline additional time to respond to the Defendants' summary judgment motions. (Decision, R. 463). The District Court ordered the class allegations to be stricken from the Amended Complaint and dismissed the class claims with prejudice and denied Kline's request to extend any other deadlines. (*Id.* at Page ID# 7889-90). The District Court specifically noted

that Kline did not "substantially make a request for an extension of time to file the class certification motion." (*Id*. at Page ID# 7891).

### F.    *The District Court Dismissed Kline's Claims in their Entirety*

Not until October 15, 2015, did Kline file his oppositions to the summary judgment motions.[2]  He sought and was granted leave to file a sur-reply brief to address "new" evidence, including the new escrow sheet that was addressed in the "Corporate Defendants" reply briefs.  (Decision, R. 486).  On December 21, 2015, after the briefing on Defendants' motions for summary judgment was complete, Kline filed another Motion for Leave to file a Second Amended Complaint.  (R. 489, 490).  On December 23, 2015, the District Court issued two separate orders: (1) sustaining Defendants' motions for summary judgment and denying Plaintiff's motion for reconsideration regarding dismissal of class claims; and (2) denying Kline's motion for leave to amend his complaint.  (Orders, R. 492, 494).

---

[2] Kline initially claimed that the costs and expenses charged for judicial reports were improper.  (Amended Complaint, R. 157, ¶ 54; Page ID# 2070).  However, in his response to the Reimer Firm's motion for summary judgment, he did not address the Reimer Firm's arguments.  The District Court noted that Kline's failure to address the arguments "amounts to a concession that he cannot prove a violation." (Order, R. 492, Page ID# 8878-8879)**.**  *See*, *Scottsdale Ins. Co. v. Flowers, supra.,* 513 F.3d 546, 552 (issues not raised in district court cannot be raised on appeal).  Further, they were not raised in the Appellate brief and are deemed waived here.  Kline also did not raise any argument here with respect to the service of process fees that he alleged were improper; that issue is also waived on appeal.  (R. 157, ¶ 45, Page ID# 2068).  *See*, Fed. R. App. P. 28 (a)(8); *Northland Ins. Co. v. Stewart Title Guar., Co.,* 327 F.3d 448,452-53 (6th Cir. 2003).

17

With respect to the claims against the Reimer Firm, the District Court held that the undisputed evidence demonstrated that the Reimer Firm did not violate §1692f (1) with respect to the alleged improper costs. (12/23/15 Decision, R. 492, Page ID# 8876). First, Kline failed to respond to the Reimer Firm's arguments regarding judicial reports and pre-acceleration late fees and waived the claims. (*Id.* at Page ID# 8878). Even if they had been addressed, they did not form the basis of a cognizable FDCPA claim. (*Id.* at Page ID# 8879). Second, with respect to the FDCPA claims, the undisputed evidence was that the Reimer Firm did not collect or seek to collect attorneys' fees from him. (*Id.* at Page ID# 8880). Third, Kline presented no evidence he was even charged a post-acceleration late fee from the Reimer Firm. Thus, there was no cognizable Section 1692f(1) claim. With respect to the unjust enrichment claim, the District Court found that Kline abandoned the claim with respect to the costs associated with the judicial reports. (*Id.* at Page ID# 8891). As to the attorneys' fees, there was no evidence in the record to support the unjust enrichment claim and Kline could not prove such a claim. (*Id.* at Page ID# 8893).

Kline sought reconsideration of these decisions. (Motion for Recon., R. 495). On January 28, 2016, Kline filed a Motion to Alter Judgment under Rule 60(b)(3) making the same arguments he previously asserted, but under a fraud

18

theory.  (R. 498).  On July 18, 2016, the District Court denied Kline's Motion to Alter or Amend Judgment.  (Decision, R. 513).  This appeal followed.

## IV.    SUMMARY OF ARGUMENTS

The District Court's decision to grant summary judgment on the FDCPA and unjust enrichment claims arising out of alleged "improper" costs, in favor of the Reimer Firm, was based on a review by the District Court of the undisputed evidence submitted by Defendants after seven years of litigation.  None of the evidence submitted and considered by the District Court established that the Reimer Firm sought or collected post-acceleration late fees or attorneys' fees in connection with Mr. Kline's payoff of the first lien on his mortgage, or that the Reimer Firm was unjustly enriched or violated the FDCPA.

The District Court did not commit an abuse of discretion in denying Kline's Rule 60(b) motion.  Kline failed to demonstrate that the District Court should employ such an extraordinary remedy and that there was clear and convincing evidence of fraud or misrepresentation.  Kline contends that the Defendants, including the Reimer Firm, filed inaccurate documents, in particular an inaccurate escrow document and misrepresented amounts owed.  Kline simply sought to repackage claims that had been dismissed as a basis for relief under Rule 60(b)(3) and recycled the same arguments made in the summary judgment and Rule 59 briefing.  The purpose of the motion was to deflect from Kline's dilatory conduct

19

and insert scandalous, scurrilous and false accusations at Defendants and their counsel in an attempt to color the proceedings.

Further, the District Court did not commit an abuse of discretion in dismissing and striking the Amended Complaint's class claims after Kline failed to file a motion for class certification within the Court's established deadline. The District Court issued several warnings and an explicit declaration with respect to the approaching class briefing deadline and Kline simply ignored those warnings. Kline's counsel's conduct was extremely dilatory and Defendants were prejudiced by the untimeliness.

Finally, considering Kline's dilatory conduct and delay in seeking to Amend the Complaint after years of litigation, the District Court did not abuse its discretion in denying his motion for leave to file second amended complaint to add fraud and RICO claims. Moreover, the Court properly found the request futile. Granting leave under the circumstances would have prejudiced the Reimer Firm by prolonging this lawsuit and increasing the cost of litigation

# V.    ARGUMENTS

## A.    *The District Court Properly Granted Summary Judgment on the FDCPA and Unjust Enrichment Claims[3]*

### 1.    Standard of Review under Fed. R. Civ. P. 56(c)

An appellate court reviews the District Court's entry of summary judgment *de novo*. *Martin v. Cincinnati Gas & Elec. Co*., 561 F.3d 439, 443 (6th Cir. 2009). Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Hansard v. Barrett*, 980 F.2d 1059, 1061 (6th Cir. 1992).

### 2.    Kline's claims against the Reimer Firm

Kline argues that the Reimer Firm violated the FDCPA by improperly collecting attorneys' fees and post-acceleration late fees, and was unjustly enriched by collecting attorneys' fees in the 2007 Foreclosure Action.  (App. Brief 36-46). Kline fails to specify which provision of the FDCPA was violated and how, and fails to address how the Reimer Firm was unjustly enriched.  Kline failed to even address the elements of an FDCPA claim or his state law claim for unjust

---

[3] Kline only challenges the entry of summary judgment on the surviving 15 U.S.C. § 1692(f)(1) and unjust enrichment claims against the Reimer Firm. He does not challenge the earlier dismissal of the 15 U.S.C. § 1692e misrepresentation claim, the breach of contract or the OCSPA claims. Thus, the Reimer Firm will not address them.

enrichment.  Thus, the arguments that are not raised in the Appellant's initial brief are waived. Fed. R. App. P. 28(a)(8); *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d. 444,462 (6th Cir. 2003) (This Court finds waiver of issue when appellant fails to present it in initial brief).

Assuming Kline has not waived this argument by failing to support the elements of his claims at the District Court level and here, and assuming that he is asserting that the Reimer Firm violated 15 U.S.C. § 1692f(1) and was unjustly enriched in the 2007 Foreclosure Action, Kline failed to present any affirmative evidence that the Reimer Firm actually charged or collected late fees after acceleration or attorneys' fees from Kline to defeat the Reimer Firm's motion for summary judgment.  See, *Cox v. Ky. DOT*, 53 F.3d 146, 150 (6th Cir. 1995) (non-movant must present <u>affirmative</u> evidence to defeat a properly supported motion for summary judgment).  Kline's conclusory allegations and improper reliance on the hope that the District Court would simply disbelieve Defendants' evidence, rather than presenting affirmative evidence to defeat the Reimer Firm's "properly supported motion for summary judgment" is fatal to Kline's argument.  *Jones v. City of Franklin*, No. 16-5558, 2017 U.S. App. LEXIS 1562, at *1 (6th Cir. Jan. 27, 2017); *Sigmon v. Appalachian Coal Props.*, 400 F. Appx. 43, 49 (6th Cir. 2010) ("unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion

for summary judgment."). The "mere presence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Andseron v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). See also, *Peterson v. Johnson,* 714 F.3d 905, 910 (6th Cir. 2013).

With respect to the FDCPA claims, 15 U.S.C. § 1692f(1) allows a debt collector to collect, or attempt to collect, any costs and expenses, including any interest, fee, charge or expense incidental to the principal obligation, authorized by the note and mortgage or permitted by law. 15 U.S.C. § 1692f(1). Here, Kline claims only that post-acceleration late fees and attorney's fees are not permitted by law with respect to the pay off of his loan.

> ### 3. The District Court properly found that the Reimer Firm did not seek post-acceleration late fees and thus, did not violate the FDCPA
>
> #### a. The Reimer Firm's Payoff Quote did not contain post-acceleration late fees

The evidence in the record demonstrates that the Reimer Firm did not seek to collect (nor collect) any post- acceleration late fees on behalf of its client and in violation of Section 1692f(1). Kline claims that he was improperly charged at least one late fee after his loan was accelerated, on November 16, 2007. (App. Brief, p. 37). This statement is not true and Kline failed to present any affirmative evidence

23

to support this contention. Thus, the District Court properly found he did not create any issue for trial.

Kline does not dispute and his Promissory Note expressly permits the note holder to charge a <u>pre-acceleration late fee</u> if the full amount of any monthly payment is not received on time. (Promissory Note, R. 414-3, Page ID# 6009-6013, ¶ 7(A).).[4] Here, Kline admits that he failed to make his required monthly payments; he was therefore properly charged a late fee pursuant to the Promissory Note. (Kline Tr., R. 414-2, Page ID# 5987-90, Amended Complaint, R. 157, ¶ 31, Page ID# 2066).

The evidence established that pursuant to a January 16, 2007 letter from HomEq, Kline was put on notice that he was in default, that his current arrearage included late charges, and that his loan balance would be accelerated on February 20, 2007. (Jan. 16, 2007 Corr., R. 414-8, Page ID# 6065-66). The acceleration occurred, at the earliest, on February 20, 2007. (*Id*., Perry Tr., R. 418-13, Page ID# 6628-29). No late fees were charged after the acceleration of the loan. The evidence presented was:

- The August 17 and November 15, 2007 Payoff correspondence, which shows that Kline was assessed with a late charge of $178.90, which was the balance of the late charges as of February 16, 2007.

---

[4] While post-acceleration late charges may not be permitted, the same is not true for pre-acceleration late charges. See, *Rizzo v. Pierce & Assocs*., 351 F.3d 791 (7th Cir. 2003).

(See, Aug. 17, 2007 Corr., R. 414-9, Page ID# 6067-6079; Nov. 15, 2007 Corr., R. 414-11, Page ID# 6141-6142);

- The February 7, 2008 letter to Mr. Wegner contains an attachment that listed late charges of 178.90, and reversal of a $69.12 fee on December 4, 2007. (See, Feb. 7, 2008 Corr., R. 414-12, Page ID# 6143-6149;

- Mr. Gormley, who prepared and reviewed the payoff quotes testified that the Reimer Firm did not collect or seek to collect post-acceleration late charges with respect to the first loan. (See, Gormley Aff., ¶¶ 4(a), 10, R. 414-10, Page ID# 6078-79);

- The corporate designee for Barclays, Mr. Perry, confirmed that the late fees charged accrued prior to acceleration, and that any additional late fees that show up on the ledger were waived. (Perry Tr., R. 418-13, Page ID# 6628-6632); and

- Mr. Perry confirmed that the late charge of $69.12 that appeared in the loan history was reversed and corrected. (*Id.*)

- Finally, Mr. Kline admitted that the payoff request did not contain post-acceleration late fees and that the Reimer Firm did not collect post-acceleration late fees. (RQA Nos. 24-27, R. 414-17, Page ID# 6279-6280). These Requests were properly admitted.

After reviewing all the evidence submitted, the District Court properly found that the account statement attached listed the late charges and fees, and showed a zero balance on December 3, 2007, but there were two transactions that followed. First, a charge of $69.12 on December 4, 2007, which was labeled "Transaction Reversal," and a credit of $69.12 on December 4, 2007, labeled "Late Charge Waiver," bringing the account to a zero balance. (12/23/15 Decision, R. 492, Page ID# 8869, citing Escrow balance, R.414-12, Page ID# 6145-46). The balance of

late charges as of February 16, 2007, was $178.90, the same amount paid by Mr. Kline. (*See*, Feb. 7, 2008 Corr., R. 414-12, Page ID# 6145).

### b. Kline presents no evidence that the Reimer Firm sought to collect or collected post-acceleration late fees

Upon presentation of evidence by the Reimer Firm and the other Defendants, the burden of proof shifted to Kline to submit sufficient facts showing there was an issue for trial. *Peterson v. Johnson, supra.*, 714 F.3d at 910. He failed to do so. Kline misrepresents the testimony of Mr. Perry by claiming that he admitted that Kline had been charged at least one post-acceleration late fee in the amount of $69.12 on November 16, 2007. (Appellant Brief, p. 37). As the District Court noted, this was the only part of the record that Kline claims to support that he was charged a post-acceleration late fee. (12/23/15 Decision, R. 492, Page ID# 8885). Kline argues that this amount was somehow charged to him through a post-payoff expense adjustment by the servicer, HomEq/Barclays, and no refund was issued to him. Kline presented no evidence, but only speculation, to support this theory. That was insufficient to defeat the Reimer Firm's motion for summary judgment. See, *Jones, supra.* at *1; *Sigmon, supra.*, 400 F.App.43 at 49. In fact, Mr. Perry, the corporate designee for Barclays, confirmed that the late fees charged accrued prior to acceleration. (Perry Tr. R., 474-3, Page ID# 8317-21). Only the $178.90 amount was actually assessed to and collected from Kline. (*Id.*) The

26

District Court properly found that the $69.12 entry was in error and reversed so that the refund of the same amount was made to the escrow account. (12/23/15 Decision, R. 492, Page ID# 8885; Perry Tr., 474-3, Page ID# 8318-24).

Further, the District Court noted that the "transaction in question" occurred after the date of the final pay off letter sent by the Reimer Firm. (12/23/15 Decision, R. 492, Page ID# 8886). Thus, the District Court correctly determined that the FDCPA claim could not be based on the assessment of the late fee. (*Id.* at Page ID# 8885-86). Importantly, the District Court ultimately concluded that the final November, 2007 payoff letter sent by the Reimer Firm to Kline's attorney contained no demand for post-acceleration late fees and "the undisputed evidence shows that the Reimer Firm did not demand post-acceleration late fees from Kline. . . ." (*Id.* at Page ID# 8885-6). The only evidence is that this $69.12 amount that Kline references was not included on the payoff quote the Reimer Firm sent Mr. Kline's attorney and, as such, it was never collected and it could not form the basis of any FDCPA claim.

Kline failed to meet his burden and the District Court properly concluded that he "offered no evidence suggesting that the Reimer Firm was attempting to collect the post-acceleration late fee." (Decision Overruling Motion for Recon., R. 513, Page ID# 9382). The Reimer Firm presented evidence that it did not collect or seek late charges accruing after February 16, 2007 from Mr. Kline. (Gormley

27

Aff., ¶¶ 4(a), 10, R. 414-10, Page ID# 6078-79). Thus, any post-payoff expense adjustments by HomEq/Barclays are immaterial; the Reimer Firm never sought to or collected a late fee after acceleration.

Kline further argues that the District Court improperly dismissed the claims against all Defendants based on the assumption the servicer refunded "the sole erroneous charge to Kline for such fees." (App. Brief, p. 37-38). Kline argues that the defense of "payment" was waived. The Reimer Firm never addressed the defense of "payment" with respect to the FDCPA claim arising out of the post-acceleration late fees. The District Court correctly noted that the defense of payment is an affirmative defense to an action to collect a debt and thus Kline's argument was inapplicable as this lawsuit is not an action to collect a debt. (12/23/15 Decision, R. 492, Page ID #8901).

Finally, Kline misrepresents that the District Court <u>relied</u> on Kline's failure to respond to the Defendants' Requests for Admissions in granting summary judgment. Although Kline conceded in his response to Request for Admission Nos. 24-26 that no late fees were charged or collected after acceleration, the District Court found that even in absence of the admissions, no reasonable jury could find that the Reimer Firm violated the FDCPA. (12/23/15 Decision, R. 492, Page ID# 8886; Brown Aff. R. 414-17, RQA, Page ID# 6266-6286).

28

Kline did not seek any extension to respond nor address in his opposition to summary judgment, his failure to timely respond to the Requests for Admission and they were deemed admitted. (12/23/15 Decision, R. 492, Page ID# 8881, 8933). Kline only addressed them in his reply in support of motion for reconsideration, which was filed after judgment was entered against him. It was proper for the District Court to deny his late request (after judgment) to withdraw or amend his responses because all Defendants would be prejudiced. They were properly deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3)(b) as affirmative evidence establishing that Defendants did not collect post-acceleration late fees. Kline's untimely argument not only lacks merit but was waived, for failure to timely address it in the District Court and thus was not preserved for appeal here. *Scottsdale Ins. Co. v. Flowers, supra.*, 513 F.3d 546, 552-53. (finding issues waived when raised for the first time in motions requesting reconsideration).

Because the undisputed evidence established that the Reimer Firm did not seek to collect or collect post-acceleration late charges, the District Court properly found that the Reimer Firm did not violate the FDCPA with respect to this aspect of his claim.

> **4.    The District Court properly found that Kline's unjust enrichment and FDCPA claims fail because the Reimer Firm did not collect or seek to collect attorneys' fees on behalf of its client**

### a. The Amended Complaint contains no factual allegations against the Reimer Firm regarding the collection of attorneys' fees

As noted by the District Court in its December 23, 2015 Order, Kline "failed to make any factual allegation in the Amended Complaint based on the collection of attorneys' fees by the Reimer Firm." (R. 492, Page ID# 8880). The only factual allegations of improperly charged attorneys' fees in this case are directed at LSR. This is confirmed by reviewing paragraphs 68-71 of the Amended Complaint. (Amended Complaint, R. 157, Page ID# 2072-73).

In Kline's opposition to summary judgment (and other dispositive motions), he never addressed the Reimer Firm's argument that he did not plead a claim against it for seeking to collect or collecting attorneys' fees.[5] (R. 470). Kline repeatedly lumped all Defendants together with respect to the attorney fee issue and never made any allegation, nor did he submit any evidence, relative to the Reimer Firm. As such, the District Court properly entered summary judgment against Kline.

### b. The undisputed evidence is that the Reimer Firm's Payoff Quote did not contain attorneys' fees, nor did it collect or attempt to collect attorneys' fees

The undisputed evidence is that the Reimer Firm did not collect, or attempt to collect attorneys' fees from Kline and the payoff quote at issue does not contain

---

[5] As an example, see Plaintiff's Opposition to Motion to Dismiss, R. 279, Page ID# 4125; Reimer's Reply, R. 281, Page ID# 4175.

attorneys' fees.  (12/23/15 Decision, R. 492, Page ID# 8880, 8923; 7/18/2016 Decision, R. 513, Page ID# 9376).  While the two payoff letters sent by the Reimer Firm to Kline's attorney on August 17, 2007, and November 15, 2007, listed a number of costs and expenses:  "Attorney fees are listed nowhere in either."  (12/23/15 Decision, R. 492 Page ID# 8880; Aug. 17, 2007 Corr., R. 414-9; Nov. 15, 2007 Corr. R. 414-11).

The evidence shows:

- The November 2007 payoff letter affirmatively states:  "This does not include any attorney fees."  (R. 414-11, Page ID# 6141);

- Mr. Gormley, who prepared the payoff letter, testified that it did not contain attorneys' fees.  (See, Gormley Aff. ¶ 9, R. 414-11, Page ID# 6080);

- Mr. Reimer, a principal in the firm testified that the firm did not charge attorneys' fees in connection with a payoff.  (Reimer Tr., R. 414-13, Page ID# 6150-51); and

- Finally, Mr. Kline admitted that the payoff request did not contain attorney fees and that the Reimer Firm did not collect attorney fees from him.  (RQA No. 18, 21-23, R. 414-17, Page ID# 6278-6279).  These Requests were properly deemed admitted.

### c. Kline presents no affirmative evidence that the Reimer Firm sought or collected attorneys' fees

Kline's initial argument was that he was charged attorneys' fees by the Corporate Defendants based on how they allocated or applied funds after the loan was paid off.  (App. Brief, p. 43-45).  However, he presented no affirmative evidence that the Reimer Firm charged its attorneys' fees.  Kline improperly

31

asserted a new argument in his sur-reply brief in support of summary judgment, that the November 2007 payoff letter contained an overcharge of interest and that the positive balance in the escrow account was allegedly used to pay the Reimer Firm's attorneys' fees.  (App. Brief, p. 44).  This new allegation of overpayment cannot be asserted for the first time in a sur-reply to a motion for summary judgment and on appeal here.  See, *Tucker v. Union of Needletrades, Indust. & Textile Emples.*, 407 F.3d 784, 788 (6th Cir. 2005).

Kline misleadingly states that there is extensive testimony and evidence that the parties collected illegal attorneys' fees, and that the "new escrow history" showed that Wells Fargo added legal fees paid to the Reimer Firm to Mr. Kline's account balance after he paid off the loan.  (App. Brief, p. 43).

However, the payoff letter states that the interest accrued is from 10/01/2006 - 12/09/2007 and that the amount to pay off the loan was through December 9, 2007.  (Nov. 15, 2007 Corr., R. 414-11, Page ID# 6141).  Kline states that the loan was paid off earlier and the proceeds were posted to the account on December 3, 2007.  It is undisputed that Kline and his counsel were aware of the letter, which contained the calculated interest amount that was to accrue through December 9, 2007, and that Mr. Kline, who was represented by counsel, knowingly tendered the funds on an earlier date and he received a reimbursement check after the payoff. (See, Nov. 15, 2007 Payoff Ltr., R. 414-11, Page ID #6141-42; Feb. 7, 2008 Corr.,

R. 414-12, Page ID# 6143; Refund, R. 35-16, Page ID# 477).  This is not evidence establishing the Reimer Firm collected its attorneys' fees; it is attempted fabrication of a claim that does not exist.

Kline further claims that testimony by Barclays' representative, Ms. Cartmill, regarding transactions to an escrow account held by HomEq, after the loan payoff creates an issue of fact.  (App. Brief p. 45).  The District Court, after reviewing the complete record established over the past 8 years, correctly concluded that Cartmill's testimony "provides no support for the claims against the Reimer Firm."  (7/18/16 Decision, R. 513, Page ID# 9378).  Ms. Cartmill testified that the second escrow history is a spreadsheet developed from the payment history kept by HomEq and that the Reimer Firm has no access to it.  (Cartmill Tr., R. 474-1, Page ID# 8264-66).  The document is a "report" pulled from a HomEq database containing data regarding certain loans owned or serviced by HomEq prior to August 31, 2010.  (*Id.* at 8268-8271).  She expressly stated that she did not know whether the line item for attorneys' fees was taken out of the escrow balance. (Cartmill Tr., R. 475-1, Page ID# 8379-80).

With respect to Mr. Reimer's testimony, Cartmill's testimony does not create an issue of fact.  Ms. Cartmill simply testified she could not corroborate Mr. Reimer's testimony and affidavit.  (*Id.* at Page ID# 8386).  She also does not

dispute it.[6]  (*Id.*).  Her explanation makes clear that this is an internal issue and that the Reimer Firm has no control over how its clients transfer funds after closing. Her testimony does not establish a "disagreement as to material facts sufficient to prevent summary judgment."  *Sigmon v. Appalachian Coal Props*, 400 Fed. Appx. 43, 50 (6th Cir. 2010).  None of this "evidence" allows a reasonable inference that the Reimer Firm sought to collect or collected its attorneys' fees from Kline.

### d.  Kline failed to prove an FDCPA violation

Kline offered nothing but conjecture and speculation that there was an alleged overcharge of interest, that it was used to pay the Reimer Firm's attorney fees and that the Reimer Firm violated the FDCPA.  This was insufficient to defeat summary judgment.  Kline cites to no direct evidence of any overcharge or how the payoff funds were allocated post-payoff.  HomEq's procedures as to its internal application of post-closing funds are irrelevant to the claims against the Reimer Firm.  The Reimer Firm is entitled to be paid by its client for the legal work it performed in the 2007 Foreclosure Action.  How its client, HomEq/Barclays, was later reimbursed is irrelevant to Kline's claim against the Reimer Firm.

---

[6] Accord *Batista v. Stewart Enters*., 126 Fed. Appx. 767, 770 (9th Cir. 2005); *Hudson v. C.P. Rail Sys*., 24 Fed. Appx. 610, 613 (7th Cir. 2001); *Ayer v. United States*, 902 F.2d 1038, 1045 (1st Cir. 1990); *Rivera-Flores v. Bristol-Myers Squibb Caribbean*, 112 F.3d 9, 13 (1st Cir. 1997) ("At most, his affidavit says that he did not recall if he received the release then.  That is insufficient to create a genuine issue of fact.").

Kline cited to no legal authority that the Reimer Firm's actions violated the FDCPA.  Kline cites to *Galati v. Manley Deas Kochalski, LLC*, 622 Fed. Appx. 473 (6th Cir. 2015), in a footnote in support of his argument that it was improper to dismiss the FDCPA claim against the Reimer Firm because it did not know about the alleged concealment of a post-payoff transaction and that the FDCPA is a strict liability statute.  (App. Brief, p. 46, FN 5).  First, an argument made in a footnote is not adequately raised for appellate review and waived.  *Calvert v. Wilson*, 288 F.3d 823, 836-37 (6th Cir. 2002) (concurring opinion).  Second, *Galati* is inapplicable here.  The FDCPA issue related to whether the law firm made a misrepresentation and knew that a bank was closed at the time of an assignment of mortgage.  While the court addressed the strict liability nature of §1692e of the statute, it held that whether an assignment by a bank after it closed, "creates no inference that [law firm] engaged in unfair debt collection activity.  Plaintiffs have alleged no facts to suggest such activity was prohibited in this instance or that [law firm's] conduct otherwise violate the FDCPA."  *Galati, supra.* 622 Fed. Appx. at 476

Likewise here, the evidence presented by Kline does not establish or create an issue of fact as to whether the Reimer Firm sought to collect or collected attorneys' fees from Kline and creates no inference that the Reimer Firm violated the FDCPA by using any unfair or unconscionable means to collect a debt.

### e.  Kline failed to prove an unjust enrichment claim

35

Under Ohio law, to recover for unjust enrichment, a plaintiff must prove three elements: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 465 N.E.2d 1298, 1302 (1984). The purpose of an unjust enrichment claim "is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 2005-Ohio-4985, 834 N.E.2d 791, 799 (2005).

In *Bihn v. Fifth Third Mortgage Co.*, No. 3:13-CV-00057, 2013 U.S. Dist. LEXIS 148891(S.D. Ohio, Oct. 16, 2013), the Southern District of Ohio held that an unjust enrichment claim by a borrower/debtor against the creditor's foreclosure attorney failed as a matter of law because the plaintiff failed to allege she conferred a benefit on defendant, failed to allege that she paid money or funds directly to the creditor's attorney, or that the payment of any of the creditor's attorney's fees was contingent upon the plaintiff's payments.

Here, Kline did not allege or present any evidence that (1) he conferred a benefit on the Reimer Firm; (2) he paid funds directly or indirectly to the Reimer Firm or the Reimer Firm retained any funds he paid; (3) or that the payment of any of the Reimer Firm's fees was contingent upon Kline's payments. In fact, Kline

testified that he had no knowledge as to whether the Reimer Firm retained any funds. (Kline Tr. 414-2, Page ID# 6000-02).

All the costs and expenses Kline paid with respect to the payoff of the first mortgage went to entities other than the Reimer Firm. There has been an argument here, although not alleged in the complaint, that the "Defendants" collected attorneys' fees from Kline and were "unjustly enriched." As previously set forth, the undisputed evidence is that the Reimer Firm did not "pass on" or seek to collect any attorneys' fees from Kline with respect to the payoff of his first mortgage. It was firm policy not to seek attorneys' fees on a payoff. (Reimer Tr. 414-13, Page ID# 6150-51; Reimer Aff., R. 414-18, ¶ 3, Page ID# 6287). It is also undisputed that Kline did not pay the Reimer Firm any attorney fees with respect to the 2007 payoff of his loans, and Kline has no recollection of paying the Reimer Firm's attorneys' fees. (Kline Tr. 414-2, Page ID# 6000-02). The Reimer Firm was compensated solely by its client for the legal services it performed with respect to the 2007 Foreclosure Action. (Reimer Aff., R. 414-8, ¶3, Page ID# 6287). These attorney fees were earned for legal work performed on behalf of its client and were not contingent upon the outcome of the foreclosure or whether payment was made by Mr. Kline. (*Id.*)

Kline's entire argument in his opposition to summary judgment with respect to this claim was that "with regard to these legal fees as well, then it was improper

to charge these fees, and it would be inequitable to allow Reimer to retain them." (Pl. Opp. to Summary Judgment, R. 470, Page ID# 8176). Kline failed to address the Reimer Firm's arguments with respect to his burden to establish an unjust enrichment claim both in his opposition to summary judgment and in his Appellate Brief. His failure to prove his claim and only focus on the factual issues is fatal to his claim. See, *Scottsdale Ins. Co., supra.,* 513 F.3d 546, 552. Rather, his entire argument was premised on an exception to the voluntary payment doctrine, which is a defense to the unjust enrichment claim. (Pl. Opp. to Summary Judgment, R. 470, Page ID# 8177).

Kline also failed to address that there was no indirect benefit to the Reimer Firm. The fees paid to the Reimer Firm by its client were for the legal work performed in connection with the foreclosure lawsuit. The Reimer Firm would have received payment regardless of whether Kline paid off his loan or the costs and expenses associated with the foreclosure. (Reimer Aff., R. 414-18 ¶ 3, Page ID# 6287-6288). Thus, any payment by the Reimer Firm from its client, or for services performed for its client, is not unjust enrichment. *American R.R. Const., Inc. v. Columbiana County Port Auth.,* 7th Dist. No. 06 CO 14, 2007-Ohio-1568, 2007 Ohio App. LEXIS 1440, at *13.

Finally, the voluntary payment doctrine bars Kline's claim for unjust enrichment. *Salling v. Budget Rent-A-Car Sys., Inc.,* 672 F.3d 442, 444-45 (6th

Cir. 2012). Kline voluntarily sold his house and paid off his loan when he accepted a job offer in Texas. (Kline Tr. R. 414-2, Page ID # 5989-92, 5996-97).

As set forth herein, the only evidence is that the Reimer Firm did not collect any attorneys' fees from Kline nor retain any funds from Kline. Kline has failed to meet his burden to establish that he (1) conferred a benefit upon the Reimer Firm; (2) that Reimer had knowledge of the benefit; and (3) that there was a benefit conferred which would be unjust without payment. *Hambleton, supra.,* 465 N.E.2d 1298, 1302.

The Reimer Firm had no control over the escrow account and how HomEq (Barclays) transferred funds. It could only control what it presented to Kline in the payoff quote, which did not include its attorneys' fees. (See, Gormley Aff., R. 414-10, Page ID# 6080; Reimer Aff., 414-18, Page ID# 6287). How the expenses were handled by the servicer after the loan was satisfied and fully released does not create a cause of action under the FDCPA or for unjust enrichment against the Reimer Firm. Kline has cited to no applicable authority or case law in support of these claims, nor any evidence to create an issue of fact. As such, Kline's FDCPA and unjust enrichment claim with respect to the issue of attorneys' fees were properly dismissed as a matter of law.

5. **The District Court properly found that the claims arising from the 2005 State Foreclosure Action and the subject of the *Kline I* Federal Lawsuit were not at issue in this case**

   a. **The Amended Complaint does not contain any allegations arising out of the 2005 Foreclosure Action**

In response to the Reimer Firm's motion for summary judgment, Kline improperly proffered a new claim for unjust enrichment arising out of the 2005 Foreclosure Action. Kline sought to amend by argument. However, a plaintiff may not advance a new claim or theory in response to a summary judgment. For this reason alone, Kline's argument fails. See, *Tucker, supra.,* 407 F.3d 784, 788. Kline fails to inform this Court that the 2005 Foreclosure Action was the subject of a separate federal court lawsuit, *Kine I* that was dismissed. Nonetheless, Kline still seeks to improperly insert an unjust enrichment claim arising out of the 2005 Foreclosure Action, which was a completely separate transaction or occurrence from the 2007 Foreclosure. Importantly, only two sentences in the Amended Complaint reference or relate to the 2005 Foreclosure Action. Those two sentences provided background only:

> 29. In August 2005, Reimer commenced foreclosure proceedings against Plaintiff.
>
> 30. Those foreclosure proceedings were later dismissed as a result of a reinstatement of mortgage.

(Amended Complaint, R. 157, ¶¶ 25-30, Page ID# 2066; Complaint, R.1, ¶27-31, Page ID# 8).

40

In his opposition to summary judgment and here, Kline improperly argues that as a result of the 2005 Foreclosure Action, he paid attorneys' fees to the Reimer Firm in order to reinstate his loan. (App. Brief, p. 53). He is not arguing that seeking attorneys' fees to reinstate a loan are improper. And he never pleaded such a cause of action. Instead, he argues that because the Reimer Firm allegedly misrepresented MERS as the "owner" and "holder" of the Note in the 2005 Foreclosure, the representation was false in that MERS had no standing to file the foreclosure, and therefore the Reimer Firm could not have been entitled to recover attorneys' fees from Mr. Kline (which were allowed pursuant to the reinstatement of the loan). (App. Brief pp. 54-55). As a result, he argued below that the Reimer Firm was unjustly enriched. The District Court correctly held that "Defendants would have no reason to believe that anything other than the fees and expenses charged in the wake of the 2007 Foreclosure were at issue" and that there was no citation to the record to support these assertions. (12/23/15 Decision, R. 492, Page ID # 8918).

### b. Kline's FDCPA and state law claims arising out of the 2005 Foreclosure Action were previously dismissed and time barred

Kline previously asserted FDCPA claims and state law claims relating to the costs and expenses that were sought in the reinstatement of his loan in the 2005 Foreclosure Action. Plaintiff filed *Kline I* in March 2007, against the Reimer Firm

41

and HomEq. The FDCPA claim arising out of the 2005 Foreclosure Action was dismissed with prejudice in a January 28, 2008 Opinion by Judge Rose. (*Kline I*, R. 33). Kline sought reconsideration of the dismissal, which was denied in an Entry and Order dated November 25, 2008. (*Kline I*, R. 46). The District Court declined to exercise supplemental jurisdiction of the state law claims, including Kline's claims for unjust enrichment. (*Id*.) Kline did not appeal the rulings, nor did he re-file any of the state law claims in state court or any other court. Kline did not seek to assert or address any of the claims or facts related to the 2005 Foreclosure Action in the Complaint or Amended Complaint filed in this action. Any claims that could have been made in *Kline I*, and were not, are barred by *res judicata* and collateral estoppel. *Rivers v. Barberton Bd. of Ed.*, 143 F.3d 1029, 1031 (6th Cir. 1998).

Further, any state law claims, including a claim for unjust enrichment, arising out of the 2005 Foreclosure Action would be time-barred. Pursuant to numerous authorities, the statute of limitations is not tolled for state law claims that are dismissed by a federal court, when that federal court declines to exercise supplemental jurisdiction over those state law claims. Kline has never re-filed the unjust enrichment claim that was the subject of *Kline I* and, regardless, it would be time-barred. *See,* 28 U.S.C. § 1367(d) and *Parrish v. HBO & Company*, 85 F.Supp.2d 792, 795-796 (S.D. Ohio 1999) (where federal court declines to exercise

supplemental jurisdiction over state law claims, the statute of limitations is not tolled).[7]

### c. The Course of Proceedings Test did not provide notice

The District Court properly held that the course of proceedings test did not provide notice to the District Court and opposing counsel. (12/23/15 Decision, R. 492, Page ID# 8893). Because the complaint was silent as to any allegations of wrongdoing with respect to the 2005 Foreclosure, the "course of proceeding" did not provide notice. Kline argues that for purposes of Rule 15, extrinsic evidence can be used to determine notice. Kline relies on two cases that are inapplicable here, *Bledsoe v. Community Health Syst. Inc.*, 501 F.3d 493 (6th Cir. 2007) and *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 251, n.8 (6th Cir. 2000). In both *Bledsoe* and *Miller*, the amendment was proper because the amendment sought only to plead with more particularity allegations arising out of the same occurrence. *Id.* at 249-250. Here, the allegations relating to the 2005 Foreclosure Action were the subject of a separate federal lawsuit (*Kline I*) and did not arise out of the same occurrence.

### d. Kline presented no affirmative or admissible evidence as relates to the 2005 Foreclosure Action

---

[7]Kline conceded previously that his unplead claims relating to the 2005 Foreclosure Action are not actionable under the FDCPA "in light of the one year statute of limitations." (Pl. Opp. to Summary Judgment, R. 470, Page ID# 8166-8167).

Finally, Kline presented no admissible Rule 56 evidence relating to the 2005 Foreclosure Action.  The Declaration of Mr. Grobman does not meet the criteria of Fed. R. Civ. P. 56(c)(4).  Kline filed multiple exhibits relating to the 2005 Foreclosure Action which purport to support his unjust enrichment claim.  Mr. Grobman simply attached these documents to an affidavit.  He did not state they are true and accurate copies, nor did he establish that he had any personal knowledge of the exhibits (or that he is the author of these exhibits).  (See, Grobman Aff., R. 465, Page ID# 7909).  These exhibits are not properly authenticated and are therefore inadmissible under Rule 56(c)(4).  See, *Flynn v. GMAC*, 345 Fed. Appx. 974, 979 (6th Cir. 2009); *Bell v. City of Topeka,* 496 F.Supp.2d 1182 (D. Kan. 2007).  In *Bell*, the court held that "the personal affidavit of plaintiff's counsel is insufficient to provide authentication when plaintiff's counsel is not the author of these documents nor does he state that he has any personal knowledge of the facts contained within those documents."  *Id*. at 1185. Thus, they were not proper Rule 56 evidence before the District Court.

### B.   *The District Court Properly Found that there was no Evidence of Fraud or Misrepresentation in Denying Kline's 60(B) Motion*

#### 1.  Standard of Review under Rule 60 (b)

"Rule 60(b) proceedings are subject to only limited and deferential appellate review."  *Tyler v. Anderson,* 749 F.3d 499, 509 (6th Cir. 2014) (citation omitted). "This court reviews a district court's denial of a Rule 60(b) motion for relief from

judgment for an abuse of discretion." *Id.* at 509 (quoting *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co.*, 479 F. Appx. 684, 692 (6th Cir. 2012). "An abuse of discretion exists when a court 'commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *Yeschick*, 675 F.3d at 628-29 (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)).

Further, when reviewing the District Court's denial of a Rule 60(b) motion, this Court does not consider the merits of the underlying judgment. *Tyler,* 749 F.3d at 509; *Yeschick*, 675 F.3d at 628-29 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Instead, appellate review focuses on "'whether one of the specified circumstances exists in which [the movant] is entitled to reopen the merits of his underlying claims,'" and "is limited to whether the district court abused its discretion in denying the Rule 60(b) motion." *Yeschick*, 675 F.3d at 628-29 (citations omitted).

Civil Rule 60(b)(3) provides that a court may relieve a party from final judgments based on fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. See, Fed.R.Civ.P. 60(b)(3).

2.    **Kline presented no evidence of purposeful bad actions. The Reimer Firm's legal assertions are legally insufficient to warrant 60(b)(3) relief.**

Although Kline generally lumps the "Defendants" together, he does not make any claims or allegations that the Reimer Firm gave false answers to discovery or withheld documents in discovery. Nor does Kline specifically argue that the Reimer Firm committed "fraud on the Court." Instead, Kline alleges that the Reimer Firm misrepresented to the District Court the amounts which were owed by and collected from Mr. Kline and by relying on the alleged "fraudulent" 2007 escrow documents. Kline asserts that the District Court should have altered its decisions granting summary judgment, dismissing the class claims, and denying Kline's request to amend the complaint based on these purported misrepresentations. These are not misrepresentations; they are assertions of legal arguments.

Civ.R. 60(b)(3) provides grounds for relief "when the non-moving party has committed some purposeful bad act. . . [or] repugnant conduct." *A&B Steel Shearing & Processing, Inc. v. United States*, 174 F.R.D. 65, 68 (E.D. Mich. July 11, 1997).

Kline makes numerous conclusory and baseless allegations of fraud and misrepresentation against the Reimer Firm. As the District Court correctly held "There is no evidence the Reimer Firm made any misrepresentations to the court

that 'was intentionally false, willfully blind to the truth, or in reckless disregard for the truth' or 'which deceived the court.'" (7/18/16 Decision, R. 513, Page ID #9394). These are not grounds for relief; they are mere disagreements with the Reimer Firm's legal arguments. An assertion of a legal conclusion or position does not warrant 60(b)(3) relief and such statements are not what is meant by "fraud or misrepresentation." See, *Edwards v. Fiddes & Son,* 427 F.3d 129 (1st Cir. 2005). Kline sought to repackage his FDCPA claims in an attempt to get a second bite at the apple. The District Court reviewed the evidence and properly denied Kline's motion. (R. 513). Kline claims that the new escrow activity sheet is the correct document and warrants 60(b) relief. However, this "new" document does not establish anything regarding the Reimer Firm. This second escrow activity sheet that Kline complained about prior to the entry of judgment did not establish by clear and convincing evidence that the Reimer Firm acted misleadingly or fraudulently by filing the first escrow sheet in this proceeding.

Relief under Rule 60(b)(3) is an extraordinary remedy and Kline failed to demonstrate by clear and convincing evidence fraud or misrepresentation that adversely impacted the fairness of the proceedings. *Thurmond v. Wayne County Sheriff Dep't*, 564 Fed. Appx. 823, 827 (6th Cir. 2014). This Court defines fraud for the purpose of evaluating a Rule 60(b)(3) motion as "the knowing misrepresentation of a material fact, or concealment of the same when there is a

duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merchandising, Inc*., 538 F.3d 448, 456 (6th Cir. 2008), citing Black's Law Dictionary 685 (8th ed. 2004); *Travelers Cas. & Sur. Co. of Am., supra.*, 479 Fed. Appx. 684, 693. Kline presented no evidence, let alone clear and convincing evidence of fraud or misrepresentation here or that the Reimer Firm knowingly made any false statements.

### 3. Rule 60(b)(3) Relief is not warranted for conduct known before entry of judgment

Rule 60(b) relief is not available to remedy misconduct that was known to the movant prior to judgment. *Thurmond, supra.*, 564 Fed. Appx., 823, 830. "[A] party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she . . . has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." *Tiller v. Baghdady*, 294 F.3d 277, 282 (1st Cir. 2002) (citations omitted). Likewise, a plaintiff's own failure to prepare his case in a diligent fashion is not grounds for 60(b)(3) relief. See, *Karak v. Bursaw Oil Corp.*, 288 F. 3d 15, 21-22 (1st Cir. 2002).

Nothing material to the issues of whether the Reimer Firm sought to collect its attorneys' fees or "improper interest" in this case changed since the District Court issued its rulings in December 2015 and Kline filed his 60(b) motion. No new facts had been uncovered. No new legal theories had emerged other than what was asserted in Kline's supplemental opposition to summary judgment. No new

evidence had surfaced.  And certainly no clear and convincing evidence of fraud or misrepresentation had been presented.  Kline did not base his motion for relief on misrepresentation or fraud; rather he sought to convince the District Court that its decisions were in error due to perceived discovery issues between the "Corporate Defendants" and Kline, and arguments made and evidence submitted by Defendants in legal pleadings.  Kline presented the same arguments previously considered and rejected by the District Court, and subsequently made reckless accusations of misrepresentation, fraud, and "fraud on the court," under a different procedural posture and with no basis.  This is insufficient to vacate a court's prior judgment.

All of the arguments made in Kline's 60(b) motion were made prior to the entry of judgment, including the summary judgment briefing and motions for reconsideration, but Kline repackaged them as seeking relief under Rule 60(b)(3). (See, e.g., Pl. motion for reconsideration of decision striking class claims, R. 472, Page ID# 8219-20, Pl. sur-reply, R. 487).  For example, in the District Court's December 23, 2015 Decision granting Defendants' summary judgment motions, it noted that Kline argued in his sur-reply that Cartmill was lying and Defendants made fraudulent representations. (R. 492, Page ID# 8901).

Kline submitted no evidence of any misconduct or misrepresentation by the Reimer Firm; rather he sought to present his FDCPA claims under a new theory.

Kline had knowledge of and complained about the alleged "inaccuracies" with respect to the escrow document and the Reimer Firm's legal arguments in his prior briefing as grounds for relief, and they were rejected. (See, 12/23/15 Decision, R. 494, Page ID# 8445-46, R. 492). He admits that he had both escrow histories in his possession before the District Court granted summary judgment. Kline repeatedly argued in prior briefing that the February 2008 escrow breakdown concealed that there was an escrow balance after payoff and the corporate advances (such as the Reimer Firm's attorneys' fees) were collected. (See, e.g. Plaintiff's Response in Opp. to Strike, R. 431, Page ID# 6930).

"The notion that the district court can be made, via different procedural vehicles, to repeatedly revisit issues already decided, runs afoul of the 'law of the case' doctrine." *Thurmond*, 564 Fed. Appx. 823 at 830, (citations omitted.)

### 4.    60(b) relief cannot be used as a substitute for appeal

Finally, Kline's Motion for Relief from Judgment was improperly used as a substitute for appeal or another motion for reconsideration; it was properly denied for that reason as well. See, *Mayhew v. Gusto Records, Inc*., 69 Fed. Appx. 681, 683 (6th Cir. 2003) (affirming denial of 60(b) motion where it merely attempts to relitigate the case).

There is no fraud or misrepresentation in making a sound legal argument, asserting a defense, or presenting proper evidence. Kline did not present any clear

or convincing evidence of fraud or some purposeful "bad act," failed to show how he was adversely affected by any alleged actions, and did not meet his burden.

### C.  The District Court Properly Granted Defendants' Motion to Strike and Dismiss Class Claims

#### 1.  Standard of Review for Dismissing or Striking Class claims

Regardless of whether it was based on Civ.R. 6(b), 56(d), of 41(b), or any combination thereof, the District Court's order striking and dismissing Kline's class allegations is reviewed solely for abuse of discretion on appeal.  Specifically, an order striking class allegations for failure "to file a motion for class certification prior to the deadline" is reviewed for an abuse of discretion. *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001), *cert. denied*, 538 U.S. 1054 (2002) (citing *Hall v. Bio-Med. App., Inc.*, 671 F.2d 300, 302-03 (8th Cir. 1982)).  Further, appellate review of denial of a motion for extension of time under Civ.R. 6(b) is reviewed only for an abuse of discretion.  *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 U.S. App. LEXIS 27659, at *16-17 (6th Cir. Oct. 21, 1998).  "[T]he denial of a Rule 56(d) request for additional discovery" is also reviewed solely for abuse of discretion. *Martinez v. McGraw*, 581 Fed. Appx. 512, 517-18 (6th Cir. 2014) (citing authorities).  "[A] district court's decision to dismiss pursuant to Rule 41(b) [is also reviewed only] for an abuse of discretion."  *Sexton v. Uniroyal Chem. Co.*, 62 Fed. App. 615, 617-18 (6th Cir. 2003) (citing authorities); *Kovacic v. Tyco Valves & Controls, LP*, 433 Fed. App. 376, 380 (6th Cir. 2011).

51

"An abuse of discretion occurs when '(1) the district court's decision is based on an erroneous conclusion of law, (2) the district court's findings are clearly erroneous, or (3) the district court's decision is clearly unreasonable, arbitrary or fanciful.'" *Sexton*, 62 Fed. Appx. at 617-18 (quoting *Beil v. Lakewood Eng'g & Mfg. Co*., 15 F.3d 546, 551 (6th Cir. 1994)). Reversal under this highly deferential standard is only warranted if this Court is imbued with "a definite and firm conviction that [the District Court] has committed a clear error of judgment." *Kovacic,* 433 Fed. Appx. at 380.

### 2.    Kline abandoned his class claims

In order to manage its docket, a federal court has the authority to set deadlines and establish a reasonable case management schedule. See, Fed. R. Civ. P. 6; *Grandson, supra.,* 272 F.3d 568, 534.

Federal Rule of Civil Procedure 23 requires that the District Court must determine by order "at an early practicable time after a person sues" whether to certify a class. The District Court, after a careful review of the record and reliance on applicable federal case law, properly determined that it was <u>within its discretion</u> to strike and dismiss the class claims with prejudice. (Decision, R. 463, Page ID# 7889-7895).

A party's failure to move for class certification by the applicable deadline constitutes abandonment or waiver of class claims. See e.g., *Grandson, supra.,*

272 F.3d 568, 574 (upholding the district court's decision striking class allegations where plaintiffs failed to file a motion for class certification prior to the deadline); *Burkhalter v. Montgomery Ward & Co.*, 676 F.2d 291, 294 (8th Cir. 1982) (upholding that the district court's decision to strike class allegations where plaintiff failed to file a motion for class certification by the court-established deadline); *Chrisman v. Countrywide Home Loans, Inc.*, No. 3:07-CV-333, 2010 U.S. Dist. LEXIS 29934, *3-7 (E.D. Tenn. Mar. 26, 2010) (granting defendants' motion to strike class allegations and dismissing class claims pursuant to 41(b) because plaintiff failed to comply with deadline); *Howard v. Gutierrez,* 503 F.Supp.2d 392 (D.D.C. 2007) (denial of plaintiff's motion for reconsideration of order dismissing class claims for failure to file motion for class certification pursuant to deadline set forth in local rule). *See also*, *In re: Pella Corp.*, MDL No. 2514, No. 2:14-mn-00001, 2015 U.S. Dist. LEXIS 88944, *12-15 (D. S.C. July 9, 2015); *Kendrick v. Jefferson Cnty. Bd. of Educ.*, 932 F.2d 910, 914 (11th Cir. 1991); *Handler v. Sony Elecs., Inc.*, No. 09-55506, 2010 U.S. App. LEXIS 14440, *3-4 (9th Cir. June 23, 2010); *Garcia v. Concentra Health Services, Inc.*, No. CV 14-6738 PA, 2015 U.S. Dist. LEXIS 7476, *4-5 (C.D. Cal. Jan. 22, 2015); *Price v. United Guar. Residential Ins. Co.*, No. 3:03-CV-2643-G, 2005 U.S. Dist. LEXIS 24762, *8-10 (N.D. Tex. Feb. 2, 2005).

The record here establishes that Kline's counsel's conduct was extremely dilatory, and the Reimer Firm was prejudiced by the untimeliness. Moreover, Kline was put on notice by the District Court in its February 5, 2015 Amended Scheduling Order, March 27, 2015 Decision and Entry, and Defendants' August 3, 2015 Motion to Strike and Dismiss Class Allegations, that the class claims could be dismissed. (R. 395, 415, 444). As the District Court stated in its September 25, 2015 Decision and Entry:

> The Court does not believe it could have been clearer regarding the importance of complying with the deadline for filing for class certification or its disapproval of any further delay. There is no excusable neglect that would justify granting Plaintiff's untimely "request" for an extension of this deadline; much less the extraordinary circumstances that the Court stated it would expect to accommodate an extension request.

(Decision, R. 463, Page ID# 7893).

### 3. Despite the District Court's clear orders and warnings with respect to deadlines, Kline failed to seek an extension of time

The District Court issued an explicit declaration with respect to the class certification deadline in its February 5, 2015 Amended Scheduling Order and Decision and Entry of March 27, 2015. (Order, R. 395, Page ID# 5744; Decision, R. 415, Page ID# 6290, 6301-06). Kline failed to comply with Rule 6(b)(1)(A)'s requirements to file a specific request for an extension of time to file a motion for class certification. As the District Court noted in its Decision Striking Class Claims, instead Kline sent a letter to the District Court on April 10, 2015, asking

54

for time to "file documents in response to the scheduling order" which was not a substantive request. The letter was not filed or on the docket and violated Rule 5(a)(1)(E), which requires a certificate of service. (Decision, R. 463, Page ID# 7891).

### 4. Fed. R. Civ. P. 41 was not the sole basis for the District Court's order

Kline specifically argues that it was "clear error" for the District Court to dismiss the class claims because it did not comply with Fed. R. Civ. P. 41, as he was not provided notice that a failure to file the class certification motion would result in the dismissal of the class claims. (App. Brief p. 66). However, Rule 41 was not the only basis for the relief requested, nor was it the only basis on which the District Court relied. Kline complains that the failure to submit "a document" pursuant to a court-ordered deadline does not constitute the type of egregious conduct necessary to uphold a Rule 41(b) dismissal of a party's claims. None of the factors cited by Kline or contained in the case law he relies upon are present here, as the District Court did not dismiss Kline's individual claims. Kline fails to cite to one case holding that a district court committed clear error or abuse of discretion by either striking or dismissing the class claims for failure to timely file a motion for class certification. Kline focuses on inapplicable case law and only on the standard for dismissal of claims under Fed. R. Civ. P. 41. Kline cites to four factors that should be considered:

> (1)    Whether the party's failure is due to willfulness, bad faith, or fraud; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001).  Each of these factors was met in this case.[8]

With respect to the first factor, Kline's counsel's failure to comply with the court deadlines was willful.  Kline did not file a class certification motion by the motion cut-off date, nor did he seek relief from that deadline.  The willfulness in ignoring the deadline and arguments contained in the August 3, 2015 Motion to Strike and Dismiss Class Allegations shows he was dilatory in pursuing the class claims.  The authority Defendants cited in their Motion to Strike and Dismiss Class Allegations (which support the dismissal of  class claims for failure to timely file a motion for class certification), provided ample notice.   Not surprisingly, Kline failed to address any of the substantive arguments or authority contained in Defendants' Joint Motion to Strike and Dismiss Class Allegations as relates to his failure to file a class certification motion.  (Pl. Opp. to Joint Motion to Strike, R. 445).   Instead, he focused on a discovery dispute that in no way involved the

---

[8] The court also determined that it was within its discretion in managing its docket to dismiss class allegations.  In addressing Kline's argument, the Reimer Firm does not concede that the District Court solely invoked Rule 41 in dismissing the claims.

Reimer Firm and was not relevant to Kline's requirement to file a motion for class certification brief against the Reimer Firm. A party acting diligently and in good faith would either file a motion for extension or respond to the relevant arguments. These inactions establish both willfulness and fault on the part of Kline's counsel.

As to the second factor, prejudice to the Reimer Firm from Kline's delay is patently apparent from the face of the record. (See Sections III.C.2. & III.D.2, *infra*.) As to the third factor, discussed above in Section III.C.2., *infra*, Kline was amply warned that failure to file a class certification motion could result in dismissal of the class allegations. As to the final factor, the District Court repeatedly gave Kline opportunities to cure his default and file his class certification motion as discussed in Section III.C.2. & 3., *infra*; Kline simply refused to do so. The District Court could not consider class certification on its own motion; the only remaining option was striking the allegations. Importantly, the District Court did not dismiss Kline's individual claims and therefore took proper alternative measures by only dismissing the class claims. At the time of dismissal, Kline's claims could still be adjudicated on the merits. Therefore, it was proper for the District Court to strike and dismiss the class allegations. See, *Handler*, 2010 U.S. App. LEXIS 1440, *5-6.[9]

---

[9] Moreover, under the plain language of Rule 23, there is no requirement that Kline or the purported members be provided notice under Rule 23(e) with respect to involuntary dismissals of class claims.

### 5.    The District Court did not err by not ruling on class merits

Finally, Kline argues that the District Court erred by not determining on an independent basis whether a class action was warranted.  This issue was not raised in Kline's Opposition to Defendants' motion to strike and is thus waived on appeal. The case law relied upon by Kline at p. 70 of his brief, misrepresents the applicable law and is irrelevant.[10]  For example, in *Mendoza*, the trial court entered judgment without addressing class certification.   The Eleventh Circuit Court of Appeals reversed the summary judgment ruling and held that where a court reserves ruling on class certification pending an appeal of a summary judgment ruling, there is no final judgment and the court of appeals lacks jurisdiction to hear the appeal.  *Id*. at * 1216.  Similarly, in *Becher,* Kline cites to a concurring opinion where the judge explained that the district court failed to rule on the certification of all the claims (and only ruled on some) and thus rendered judgments with uncertain preclusive effects.  Here, the District Court ruled prior to the summary judgment entry that the class action could not be maintained based on applicable and persuasive legal authority.

In light of the District Court's multitude of warnings regarding the class certification deadline and Kline's conscious decision to not seek an extension of

---

[10] See, e.g. *Mendoza v. Champion Int.'l Corp*., 340 F.3d 1200, 1216 (11th Cir. 2003); *Becherer v. Merril Lynch*, 193 F.3d 415, 430 (6th Cir.1999); *Terevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir. 2006).

time, by either motion (or even in his letters to the District Court), after 7 years of litigation, it is clear that the District Court did not abuse its discretion in dismissing and striking the class claims.

### D.    The District Court Properly Denied Kline's Motion to Amend the Complaint

Kline filed two motions for leave to file a second amended complaint (R. 392, 490). Both were denied. (Decisions, R. 415, R. 494). Plaintiff's Proposed Second Amended Complaint sought to add two new causes of action: Violation of 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Fraud. (Proposed Second Amended Class Action Complaint, R. 491-1). Kline claims he sought leave to amend based on facts "uncovered in discovery" and since February 2015. (App. Brief. 71).

On December 23, 2015, the District Court properly found that Kline's Second Motion for Leave to Amend should be denied as the request was untimely and futile. (Decision, R. 494). Importantly, the District Court found: "Thus, in addition to the undue delay in requesting leave to amend and the futility of allowing amendment that prevent sustaining his motion under Rule 15, Kline also never complied with the preliminary requirement for considering amendment, the presentation of his class claims." (*Id.* at Page ID # 8946). Kline subsequently filed a Rule 59 motion for reconsideration. (R. 495), which was denied. (Decision, R. 513). In its decision denying Kline's motion for reconsideration, the District Court

held: "Nor has [Kline] sufficiently alleged the who, what, when, where and how of the mail or wire fraud allegedly perpetrated by the Reimer Firm or Lerner Firm." (Decision, R. 513, Page ID # 9390).

### 1. Standard of Review Under 15(a)

Under Fed.R.Civ.P. 15(a), it is within the sound discretion of the District Court to grant leave to amend "when justice so requires." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-32 (1971); *Estes v. Kentucky Util. Co.,* 636 F.2d 1131, 1133 (6th Cir. 1980); *Colvin v. Caruso,* 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995)). The factors considered include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).

The Sixth Circuit reviews the denial of leave to amend for abuse of discretion. *Williams v. Detroit Bd. of Educ.,* 306 F. Appx. 943, 949 (6th Cir. 2009) (citing *Ziegler v. Aukerman,* 512 F.3d 777, 786 (6th Cir. 2008)). The denial of leave to amend based on undue delay is reviewed for an abuse of discretion. *Powell-Lee v. HCR Manor Care,* 231 F. Appx. 438, 444 (6th Cir. 2007). The same is generally true of the denial of leave to amend based on futility. See, e.g., *Stavroff v. Meyo,* No. 95-4118, 1997 U.S. App. LEXIS 32774, at *8 (6th Cir. Nov.

12, 1997); *Kreipke v. Wayne State Univ.,* 807 F.3d 768, 781-82 (6th Cir. 2015). As set forth below, the District Court did not abuse its discretion in denying Kline's motion for leave to file a Second Amended Complaint.

### 2. Kline's substantial delay would have caused undue prejudice to the Defendants

#### a. Undue delay

"Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co*., 489 F.2d 968 (6th Cir. 1973), cert. denied, 416 U.S. 939, 40 L. Ed. 2d 290, 94 S. Ct. 1942 (1974)). In a complex case, such as this case, there is clearly an increased potential for prejudice when a party seeks a last minute amendment, after seven (7) years of litigation. *Priddy v. Edelman*, 883 F.2d 438, 477 (6th Cir. 1989). Kline had a heightened burden at this late state in the litigation and with respect to the complex claims being asserted. *Bridgeport Music Inc. v. Dimension Films,* 410 F.3d 792, 805 (6th Cir. 2005); *Wade v. Knoxville Utilities Bd*., 259 F.3d 452 (6th Cir. 2001).

Here, Kline alleges that he initially moved for leave to amend on February 3, 2015, to add allegations arising from the 2005 Foreclosure and two claims - for fraud and RICO, based on facts uncovered during discovery and again in December 2015, to allege new facts and claims arising from the evidence which

had been uncovered since February 2015.  (App. Brief, p. 71).  Kline fails to even identify what new evidence he is specifically referring to that would support a claim for fraud or RICO violations.  Because he fails to specifically raise, argue, or address those issues in his merit brief on appeal, they are waived.  Fed. R. App. P. 28(a)(8); *Northland Ins. Co., supra.,* 327 F.3d 448, 452-53 ("we hold that Stewart has failed to brief its first two issues, and therefore it has waived its argument on these issues.") (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("It is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

Although not directly addressed in Kline's argument section, he may be claiming Defendants concealed the misrepresentation that MERS was the owner and holder of the note and mortgage in the 2005 Foreclosure, until June 2015 when Wells Fargo produced documents that the loans were transferred to a Trust. Although the allegations against the Reimer Firm that it misrepresented the true owner and holder of the note were dismissed, Kline sought to amend the complaint to resurrect that claim by adding alleged "new" information he received that the subject mortgage was allegedly transferred to a securitized mortgage pool known as "Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Asset Backed Security Series 2004 - WM5" ("the 2004-WMS Pool").  (R. 393-1, ¶39, Page ID# 5675).

This was not new information.  This information was disclosed by Wells Fargo at the latest, in its Answer to the Amended Complaint that was filed on February 21, 2012.  (Answer, R. 268, Page ID# 3895).  Moreover, in 2010, Kline filed an Amended Complaint alleging that Wells Fargo and the Reimer Firm regularly filed complaints which they knowingly falsely represented that an entity is the current owner of the mortgage.  (Amended Complaint, R. 157, ¶ 38, Page ID# 2067). Kline admits that his March 14, 2014 mediation statement also discloses this information and his threat to file a RICO claim.  (Pl. Motion to Amend, R. 392, Page ID# 5659).  Upon conclusion of the mediation in 2014, Kline did not seek to amend the Complaint to add these two new causes of action.  Even if Kline gave the appropriate and timely "notice," he waited over a year to file the motion to amend.

### b. Prejudice

In this case, the Reimer Firm did not tailor or engage in any additional discovery with respect to the RICO or fraud claims and would have been prejudiced if amendment were allowed.  "[A]llowing amendment under these circumstances would encourage delay and bad faith on the part of the plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint [or threat]."  *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013); *Midwest, supra.,* 49 F.3d 1197, 1202.  In *Midwest,* this

63

court held that Midwest "failed to proceed with due diligence" after waiting two years to seek amendment and the delay would have unduly prejudiced the plaintiff having to "undertake a new and expensive round of discovery to rebut Midwest's contention***." *Id*. Likewise here, the parties would have had to conduct a whole new round of discovery and focus on new claims and theories after seven (7) years of litigation and increased costs of litigation. Preparing a defense to fraud and RICO claims is quite different than a FDCPA or unjust enrichment claim.

### 3.    The District Court properly found amendment was futile

### a.    No new evidence warranted amendment

The District Court properly held that it would be futile to allow Kline to amend his Amended Complaint at this late of a date, after seven years of litigation. (12/23/15 Decision, R. 494, Page ID# 8943). It further explained that the Motion to Amend cited to exactly the same evidence Kline cited when he sought leave to re-open discovery under Rule 56(d)(2) and in his opposition and sur-reply to Defendants' Motions for Summary Judgment. (*Id*.) The District Court properly found it was insufficient to engage in further discovery and inadequate to overcome summary judgment and, for the same reasons as previously addressed, insufficient to support leave to amend. (*Id*.) Moreover, in its Decision on Reconsideration, the District Court properly held that Kline failed to plead facts with specificity to sustain a RICO and fraud claim. (Decision, R. 513, Page ID#

9387-88). This includes the who, what, where and when, and that the Reimer Firm participated in the operation. It also held that the evidence or allegation of an attorney-client relationship and performing ordinary legal advice, does not sustain a RICO claim. (*Id., citing, Melton v. Blankenship*, No. 08-5346, 2009 U.S. App.LEXIS 686, at *2-3 (6th Cir. Jan. 13, 2009)).

Kline relies on *Slorp v. LSR*, 587 Fed. Appx. 249, 251-252 (6th Cir. 2014). for the proposition that a party commits fraud when it makes false representations about "owning" or "holding" a mortgage in order to maintain a foreclosure action in an Ohio state court and thus amendment was not futile. *Slorp* does not stand for that proposition as the Court only held that under a 12(b)(6) standard, plaintiff stated a claim for a fraud and RICO violation.

The District Court correctly determined that based on the record and evidence presented, there were no new facts that form the basis for a fraud or RICO claim and they are materially the same as in the Original and Amended Complaint. Kline simply re-hashes the same claims that existed in the original Complaint regarding alleged misrepresentations about the identity of the holder and owner of the note, and seeking improper fees. (See, R. 1, ¶¶ 3, 21, 22, 26, 36-44, Page ID# 2, 5, 7-8, 9-10; Decision, R. 513, Page ID # 9385). Moreover, it determined Kline failed to properly plead a fraud and RICO claim. (R. 513). The Motion for Leave was properly denied.

**b. Amendment is futile because the fraud and RICO claims would be time-barred.**

Kline's Proposed Second Amended Complaint seeks to add fraud and RICO causes of action based "primarily" on the events surrounding the 2005 foreclosure action. (R. 392, Page ID# 5649). Any claims under RICO and fraud are governed by applicable four-year statutes of limitations and are time-barred. See, O.R.C. § 2305.09(C); *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989); *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156, 97 L. Ed. 2d 121, 107 S. Ct. 2759 (1987); *Rotella v. Wood*, 528 U.S. 549, 553-55, 145 L. Ed. 2d 1047, 120 S. Ct. 1075 (2000).

The alleged "scheme" described by Kline in the proposed Amended Complaint contains no new information. All of the allegations were known to Kline in the 2007 Federal Court Action. Kline knew of the alleged acts of "fraud," which the Reimer Firm expressly denies, which serves as the basis for his RICO claims. As a matter of law, Kline's RICO and fraud claims are time-barred.

## VI.   CONCLUSION

WHEREFORE, Defendant-Appellee, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.), respectfully requests that the Court affirm the decision of the District Court granting summary judgment in favor of the Reimer Firm, denying leave to amend the Amended Complaint, striking and dismissing the class claims and allegations, denying Rule 60(B) relief

and any other judgments or decisions properly reviewable on appeal.  The Reimer

Firm further incorporates herein the additional arguments of the other Appellees

herein.

Date:   March 10, 2017

                                            Respectfully submitted,

                                            s/Lori E. Brown
                                            Lori E. Brown (0071480)
                                            Richard C.O. Rezie (0071321)
                                            Gallagher Sharp
                                            Bulkley Building, Sixth Floor
                                            1501 Euclid Avenue
                                            Cleveland, OH   44115-2108
                                            Tel: (216) 241-5310
                                            Fax: (216) 241-1608
                                            Email: lbrown@gallaghersharp.com
                                            rrezie@gallaghersharp.com

                                            *Counsel for Defendant-Appellee*
                                            *Reimer, Arnovitz, Chernek & Jeffrey Co.,*
                                            *L.P.A. (f.k.a. Reimer, Lorber & Arnovitz*
                                            *Co., L.P.A.)*

## VII.  CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

The undersigned certifies that:

1.  This brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

    This brief contains a total of 16,269 words from the beginning of the Statement of Subject Matter and Appellate Jurisdiction to the end of the Conclusion, which are the parts of the brief not exempted from the word-count by Fed. R. App. P. 32(a)(7)(B)(iii), and is filed subject to Appellee's pending motion to extend word count.[11]

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using Word in 14-point font size and Times New Roman type style.

                              s/ Lori E. Brown
                              Lori E. Brown (0071480)
                              Richard C.O. Rezie (0071321)
                              *Counsel for Defendant-Appellee*
                              *Reimer, Arnovitz, Chernek & Jeffrey*
                              *Co., L.P.A. (f.k.a. Reimer, Lorber &*
                              *Arnovitz Co., L.P.A.)*

---

[11] Appellee reserves its right and requests an opportunity to file a compliant brief accordingly, should its motion be denied in whole or in part.

## VIII.  CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>March 10, 2017</u> a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>    s/ Lori E. Brown                    </u>
Lori E. Brown (0071480)
Richard C.O. Rezie (0071321)
*Counsel for Defendant-Appellee*
*Reimer, Arnovitz, Chernek & Jeffrey*
*Co., L.P.A. (f.k.a. Reimer, Lorber &*
*Arnovitz Co., L.P.A.)*

## -ADDENDUM-

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to 6th Cir. R. 28(c) and 6th Cir. R. 30(b), Defendant-Appellee, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. (f.k.a. Reimer, Lorber & Arnovitz Co., L.P.A.), hereby designates the following materials, filed of record with the District Court, as relevant documents necessary for an effective understanding of the issues raised in this appeal:

### SIXTH CIRCUIT RULE 30(g)(1) DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| DATE | RECORD NO. | Page ID # | DESCRIPTION |
|------|------------|-----------|-------------|
| **Kline v. HomeEq Servicing Corp., et al., Case No. 3:07-cv-00084-TMR ("Kline I")** | | | |
| 01/28/2008 | R. No. 33 | Page ID # 337-339 | Entry and Order granting Motion to Dismiss |
| 11/25/2008 | R. No. 46 | Page ID # 429-437 | Kline v. HomeEq Servicing Corp., et al., Case No. 3:07-cv-084 ("Kline I") Entry and Order dismissing case on Motion for Reconsideration |
| **Kline v. Mortgage Electronic Security Systems, Inc., et al. Case No. 3:08-cv-00408-WHR** | | | |
| 11/10/2008 | R. No. 1 | Page ID # 1-27 | Complaint |
| 03/06/2009 | R. No. 35 | Page ID # 290-477 | Defendant Reimer Firm's Motion to Dismiss |

| DATE | RECORD NO. | Page ID # | DESCRIPTION |
|---|---|---|---|
| 03/22/2010 | R. No. 150 | Page ID # 1962-1975 | Decision and Entry Overruling Plaintiff's Objections to Report and Recommendations of the United States Magistrate |
| 04/14/2010 | R. No. 157 | Page ID # 2059-2091 | First Amended Complaint |
| 02/01/2012 | R. No. 265 | Page ID # 3843-3875 | Plaintiff's Motion to Alter or Amend a Judgment |
| 02/21/2012 | R. No. 268 | Page ID # 3895-3911 | Wells Fargo Answer to Amended Complaint |
| 04/19/2012 | R. No. 271 | Page ID # 3923-3932 | Decision and Entry Sustaining Plaintiff's Motion to Alter or Amend Judgment, Treated as Motion for Reconsideration |
| 05/29/2012 | R. No. 274 | Page ID # 3937-4046 | Defendant Reimer Firm's Motion to Dismiss Plaintiff's Amended Complaint |
| 06/22/2012 | R. No. 279 | Page ID # 4122-4137 | Plaintiff's Opposition to Reimer Firm's Motion to Dismiss |
| 07/05/2012 | R. No. 281 | Page ID # 4166-4195 | Reimer Firm's Reply Brief in Support of Motion to Dismiss First Amended Complaint |
| 02/26/2013 | R. No. 293 | Page ID # 4312-4333 | Decision and Entry Clarifying the Court's Decision of April 19, 2012 |
| 09/05/2014 | R. No. 366 | Page ID # 5425-5441 | Decision and Entry Sustaining in Part and Overruling in Part Defendant Reimer Firm's Motion for Judgment on the Pleadings |

| DATE | RECORD NO. | Page ID # | DESCRIPTION |
|---|---|---|---|
| 02/03/2015 | R. No. 392 | Page ID # 5648-5662 | Memorandum of Law in Support of Motion to Amend Complaint |
| 02/03/2015 | R. No. 393 | Page ID # 5663-5730 | Declaration of Paul Grobman in Support of Motion to Amend |
| 02/05/2015 | R. No. 395 | Page ID # 5742-5747 | Amended Scheduling Order; Trial Date and Other Dates Set |
| 02/27/2015 | R. No. 400 | Page ID # 5790-5822 | Kline 1 Complaint attached to Defendant Reimer Firm's Brief in Opposition to Motion to Amend |
| 03/27/2015 | R. No. 414 | Page ID # 5944-6288 | Defendant Reimer Firm's Motion for Summary Judgment |
| 03/27/2015 | R. No. 415 | Page ID # 6289-6304 | Decision and Entry Overruling Plaintiff's Motion to Amend the [Amended] Complaint |
| 03/27/2015 | R. No. 418 | Page ID # 6517-6646 | Barclays' Motion for Summary Judgment |
| 03/31/2015 | R. No. 420 | Page ID # 6783-6785 | Joint Motion for 30-Day Stay of All Proceedings for Mediation |
| 03/31/2015 | R. No. 421 | Page ID # 6786-6787 | Entry Sustaining the Parties' Joint Motion for 30-Day Stay of All Proceedings |
| 05/07/2015 | R. No. 426 | Page ID # 6795-6796 | Letter to Judge Rice from counsel for Plaintiff-Appellant |
| 05/29/2015 | R. No. 427 | Page ID # 6797-6814 | Kline's Memo in Opposition to Request for Default Judgment on Motions for Summary Judgment |
| 06/04/2015 | R. No. 428 | Page ID # 6815-6829 | Lerner Sampson Motion to Strike  Plaintiff's Memo in Opposition |

| DATE | RECORD NO. | Page ID # | DESCRIPTION |
|---|---|---|---|
| 06/04/2015 | R. No. 429 | Page ID # 6830-6841 | Reimer Firm's Response to and Request to Strike Plaintiff's Memo in Opposition |
| 06/29/2015 | R. No. 431 | Page ID # 6922-6933 | Memo in Opposition to Reimer Firm's and Lerner Sampson's Request for Summary Judgment |
| 08/03/2015 | R. No. 444 | Page ID # 7299-7306 | Defendants' Joint Motion to Strike and Dismiss Class Allegations for Failure to File Class Certification Brief |
| 08/14/2015 | R. No. 445 | Page ID # 7307-7331 | Plaintiff's Memorandum in Opposition to Motion for Summary Judgment and to Strike Class Allegations |
| 08/14/2015 | R. No. 446 | Page ID # 7332-7472 | Declaration of Paul Grobman |
| 09/25/2015 | R. No. 463 | Page ID # 7849-7897 | Omnibus Decision and Entry Sustaining Decision to Strike and Dismiss Class Allegations |
| 10/16/2015 | R. No. 465 | Page ID # 7909-8075 | Declaration of Paul Grobman in Opposition to Defendants' Motions for Summary Judgment |
| 10/16/2015 | R. No. 470 | Page ID # 8155-8179 | Plaintiff's Memorandum in Opposition to Reimer Firm's Motion for Summary Judgment |
| 10/23/2015 | R. No. 472 | Page ID # 8197-8228 | Plaintiff's Motion for Reconsideration of Decision Striking Class Allegations |
| 10/30/2015 | R. No. 474 | Page ID # 8242-8353 | Reimer Firm's Reply in Support of Motion for Summary Judgment |

| DATE | RECORD NO. | Page ID # | DESCRIPTION |
|---|---|---|---|
| 10/30/2015 | R. No. 475 | Page ID # 8354-8395 | Barclays' Reply Memorandum in Support of Motion for Summary Judgment |
| 12/07/2015 | R. No. 486 | Page ID # 8635-8640 | Order Sustaining in Part and Overruling in Part Plaintiff's Motion to Strike |
| 12/17/2015 | R. No. 487 | Page ID # 8641-8653 | Plaintiff's Sur-Reply in Further Opposition to Motion for Summary Judgment |
| 12/21/2015 | R. No. 489 | Page ID # 8686 | Motion for Leave to File Amended Complaint |
| 12/21/2015 | R. No. 490 | Page ID # 8687-8713 | Memorandum of Law in Support of Motion to Amend Complaint |
| 12/21/2015 | R. No. 491 | Page ID # 8714-8858 | Paul Grobman Declaration in Support of Motion to Amend |
| 12/23/2015 | R. No. 492 | Page ID # 8859-8938 | Decision and Entry Sustaining Motions for Summary Judgment filed by All Defendants |
| 12/23/2015 | R. No. 494 | Page ID # 8940-8946 | Decision and Entry Overruling Plaintiff's Motion for Leave to Amend the Amended Complaint |
| 01/20/2016 | R. No. 495 | Page ID # 8947-8968 | Motion for Reconsideration of Decision Granting Summary Judgment and Denying Motion to Amend |
| 01/28/2016 | R. No. 496 | Page ID # 8969 | Motion to Alter Judgment Under Rule 60 |
| 01/28/2016 | R. No. 498 | Page ID # 9082-9123 | Brief in Support of Motion to Alter Judgment Under Rule 60 |

| DATE | RECORD NO. | Page ID # | DESCRIPTION |
|---|---|---|---|
| 07/18/2016 | R. No. 513 | Page ID # 9366-9400 | Decision and Entry Overruling Plaintiff Kline's Motion for Reconsideration |
| 08/12/2016 | R. No. 514 | Page ID # 9401-9436 | Notice of Appeal |